IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| D. RONALD RENEKER, SPECIAL RECEIVER FOR AMERIFIRST FUNDING, INC. aka AMERI-FIRST FUNDING, INC. aka AMERI FIRST FUNDING, INC., AMERIFIRST ACCEPTANCE CORP., JEFFREY C. BRUTEYN, DENNIS W. BOWDEN, AMERICAN EAGLE ACCEPTANCE CORP., HESS FINANCIAL CORP., INTERFINANCIAL HOLDINGS CORP., HESS INTERNATIONAL PROPERTIES, LLC, HESS INTERNATIONAL INVESTMENTS, S.A., UNITED FINANCIAL MARKETS, INC. AND GERALD KINGSTON, <br><br> Plaintiffs <br><br> vs. <br><br> PHILLIP W. OFFILL, JR. AND GODWIN PAPPAS RONQUILLO, LLP, <br><br> Defendants | Civil Action No._____ <br><br> **JURY DEMANDED** <br><br> 3:08CV1394-M <br><br> 24241 |

## COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiff D. Ronald Reneker, in his capacity as Special Receiver for Defendants AmeriFirst Funding, Inc. aka Ameri-First Funding, Inc. aka AmeriFirst Funding, Inc., AmeriFirst Acceptance Corp., Jeffrey C. Bruteyn, Dennis W. Bowden, and Relief Defendants American Eagle Acceptance Corp., Hess Financial Corp., InterFinancial Holdings Corp., Hess International Properties, LLC, Hess International Investments, S.A., United Financial Markets, Inc. and Gerald Kingston (hereinafter "Special Receiver"), complains of Defendants Phillip W. Offill and Godwin Pappas Ronquillo, LLP and alleges the following:

MHDocs 1645170_1 10271.1

## PARTIES

1. Plaintiff Special Receiver is the Court-appointed Special Receiver in Civil Action No. 3:07-CV-1188-D.

2. Defendant Phillip W. Offill, Jr. ("Offill") is an individual residing in Collin County, Texas. Offill may be served with process at 2610 Allen Street, Dallas, Texas 75204.

3. Defendant Godwin Pappas Ronquillo, LLP, f/k/a Godwin Pappas Langley Ronquillo, LLP f/k/a Godwin Gruber, LLP ("Godwin Pappas") is a Texas limited liability partnership. Godwin Pappas may be served with process by serving its registered agent, Thomas S. Hoekstra, at 1201 Elm Street, Suite 1700, Dallas, Texas 75270.

## JURISDICTION AND VENUE

4. On July 2, 2007, in Civil Action No. 3:07-CV-1188-D, this Court entered an Order Appointing Temporary Receiver (the "Original Receivership Order") pursuant to which the Court, among other things, took exclusive jurisdiction and possession of the "assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated" (hereinafter "Receivership Assets") then belonging to the Amerifirst Funding, Inc., AmeriFirst Acceptance Corp., Jeffrey C. Bruteyn, Dennis W. Bowden, American Eagle Acceptance Corporation, and Hess Financial Corp., and appointed William D. Brown as Receiver for the Receivership Assets. On August 2, 2007, this Court entered an Amended Order Appointing Temporary Receiver (the "Amended Receivership Order"), which, among others, added InterFinancial Holdings Corp., Hess International Properties, LLC, Hess International Investments, S.A., United Financial Markets, Inc. and Gerald Kingston as additional relief defendants.

5. In paragraph 3 of both the Receivership Order and the Amended Receivership Order, all defendants and relief defendants in Cause Number 3:07-CV-1188-D, as well as all persons in active concert or participation with such defendants or relief defendants who received actual notice of the orders, were directed to "promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them ... [with] [n]o separate subpoena ... required."

6. This Court has exclusive jurisdiction over the Receivership Assets, and the Amended Receivership Order provides that any action to determine disputes relating to Receivership Assets or whether an asset is an asset of the Receivership shall be filed in this Court. The claims asserted in this action are Receivership Assets.

7. On June 5, 2008, this Court entered an Order (so styled) in which the Court appoint D. Ronald Reneker as Special Receiver to evaluate and prosecute any claims of the Receivership against Offill and Godwin Pappas.

## FACTUAL BACKGROUND

8. At all times material hereto, Offill was an attorney licensed to practice law in the State of Texas, and Godwin Pappas was a law firm. Offill was a partner with Godwin Pappas from the date of its formation until January 2007 and at all relevant times was acting on behalf of himself and Godwin Pappas with respect to the matters that are the subject of this action. During that period, Offill and other attorneys at Godwin Pappas working under Offill's direction (collectively the "Other Godwin Pappas Attorneys"), acting on behalf of Godwin Pappas, provided legal representation to Jeffrey Bruteyn ("Bruteyn"), Amerifirst Acceptance Corporation ("Amerifirst Acceptance"), Amerifirst Funding, Inc. ("Amerifirst Funding"), and American Eagle Acceptance Corporation ("American Eagle," and collectively with Bruteyn, Amerifirst

Acceptance, and Amerifirst Funding, the "Amerifirst Clients"). Among other things, in the course of their representation of the Amerifirst Clients, Offill and/or the Other Godwin Pappas Attorneys incorporated Amerifirst Acceptance in February 2006, and prepared the Certificate of Formation, Bylaws, and Organizational Resolutions.

9. Also in connection with their representation of the Amerifirst Clients, Offill and the Other Godwin Pappas Attorneys prepared various documents with the goal of enabling Amerifirst Acceptance and Amerifirst Funding to offer securities for sale to the public. These documents included forms of a Servicing Agreement, a Sale and Servicing Agreement, a Term Sheet, a Subsequent Transfer Agreement, a Subscription Agreement, a Suitability Questionnaire, a Security Agreement and a Promissory Note. On information and belief, these documents were delivered to Bruteyn on or about February 28, 2006.

10. Thereafter, in March 2006, Offill and the Other Godwin Pappas Attorneys continued to prepare additional offering documents for Amerifirst Acceptance, including a Model Accredited Investor Exemption Uniform Notice of Transaction.

11. At no time, however, did Amerifirst Acceptance or Amerifirst Funding use the offering documents prepared by Offill and/or the Other Godwin Pappas Attorneys. Instead, both Amerifirst Acceptance and Amerifirst Funding offered for sale to the public what they termed "Collateral Secured Debt Obligation Notes" (the "CSDOs"). The CSDOs were offered on an interstate basis on a Web page known as "www.Amerifirstcorp.com" and were accompanied by false representations, including the representation that the CSDOs were secured by collateral. In doing so, Amerifirst Acceptance and Amerifirst Funding violated registration and anti-fraud provisions of numerous state and federal securities laws.

12. In early August 2006, the illegal offering of the CDSOs had come to the attention of the Texas State Securities Board ("TSSB"), and Bruteyn and his affiliated entities received an initial verbal inquiry from the TSSB. On August 14, 2006, the initial inquiry was followed by a formal written inquiry requesting information about the offering of the CDSOs and a response within ten (10) days.

13. The Amerifirst Clients engaged Offill and Godwin Pappas to respond to the TSSB inquiry. On September 11, 2006, Offill did so on behalf of Bruteyn, Amerifirst Funding, and American Eagle. In the response, Offill negligently misrepresented to the TSSB that:

- the CSDOs were secured by pledges of vendor's liens on automobile purchase notes, automobiles, certificates of deposit, and cash;

- the Amerifirst Clients had not utilized promotional materials or advertising;

- the CDSOs were offered to Texas residents only through AmeriFirst Funding's officers and directors, none of whom were paid any manner of additional compensation;

- Colonial First Advisors was the investment advisor for the CDSO offering, and it was located at 4514 Cole Ave, Suite 600, Highland Park, Texas 75202;

- the Amerifirst Clients had not offered or sold any securities through any internet site; and

- Amerifirst Funding had $23.5 million in assets.

14. At the time Offill made these statements to the TSSB, Offill and Godwin Pappas either knew or should have known that these statements were false. Specifically, they knew or should have known that:

- the CDSOs were unsecured;

- the Amerifirst Clients were distributing sales materials that had been authorized by one or more of the Amerifirst Clients;

- commissions were being paid to various companies and individuals who sold the CDSOs;

- advertising was taking place on the internet;

- Colonial First Advisors was located in Florida, not Texas; and

- 240 persons or entities had invested in the CDSOs, 140 in Texas and 100 in Florida.

15. Among other things, Offill's and Godwin Pappas' actual or constructive knowledge that the representations made to the TSSB were false is demonstrated through a comparison of the statements Offill made to the TSSB and the statements Offill made to counsel for Lloyds of London ("Lloyd") in a letter dated November 30, 2006. Among other things, in the letter to Lloyds, Offill represented that Amerifirst Funding:

- had sold CSDOs in both Texas and Florida;

- had assets in excess of $40 million; and

- did have "authorized sales materials."

16. Moreover, as of November 2006, Offill was aware that the Florida State Securities Board was making inquiries as to the activities of the Amerifirst Clients regarding the CDSO offering. Thus, at least as of that point, Offill and Godwin Pappas either knew or should have known that the Amerifirst Clients were not entitled to rely upon any intrastate exemption from state and federal securities laws which regulate public offerings of securities, and that Offill's statement to the TSSB that securities were sold only in Texas was false.

17. At all relevant times, once on notice that their clients were committing illegal and/or fraudulent acts, Offill's and Godwin Pappas' duty was to promptly make reasonable

efforts to dissuade the Amerifirst Clients from further committing such acts, and if they continued, to reveal their misconduct to the proper authorities to the extent necessary to prevent the Amerifirst Clients from committing additional criminal and/or fraudulent acts.

18.  Despite this duty, Offill and Godwin Pappas gave the TSSB false information that forestalled the TSSB investigation, thus allowing the Amerifirst Clients to continue their illegal and/or fraudulent activity; failed to adequately advise the Amerifirst Clients that they were violating the law and that they should cease illegally offering securities to the public; and failed to take the action necessary to protect the public and the Amerifirst Clients when such conduct continued. Each such course of conduct was negligence.

19.  Moreover, Offill and Godwin Pappas had an attorney-client relationship with the Amerifirst Clients. As such, Offill and Godwin Pappas owed a fiduciary duty to the Amerifirst Clients. Such duty required Offill and Godwin Pappas to act with abundant good faith, perfect candor, openness, and honesty, without concealment or deception. Offill and Godwin Pappas were also required to make a full and fair disclosure of the facts material to the clients' representation. Offill and Godwin Pappas breached their fiduciary duty to the Amerifirst Clients by engaging in the conduct described in paragraph 18 above.

20.  As a result of Offill's and Godwin Pappas' negligence and breaches of fiduciary duty, the Amerifirst Clients were able to continue their illegal sales of the CSDOs after Offill's September 11, 2006, letter to the TSSB, thereby rendering the Amerifirst Clients liable to third party investors in the sum of at least $36.5 million.

21.  This action is brought within two years of the date that the wrongful acts committed by Defendants were discovered.

MHDocs 1645170_1 10271.1

## CAUSES OF ACTION

### Negligence

22.     Special Receiver incorporates by reference, as if fully set forth, the allegations contained in the foregoing Paragraphs 1-21.

23.     Offill and Godwin Pappas were negligent in the performance of their legal services for the Amerifirst Clients. The negligence of Offill and Godwin Pappas was a proximate cause of damages to the Amerifirst Clients. The damages are measured by the difference between the amount owed to the investors by the Amerifirst Clients and the amount of any investor recovery from the assets of the Receivership Estate.

### Breach of Fiduciary Duty

24.     Special Receiver incorporates by reference, as if fully set forth, the allegations contained in the foregoing Paragraphs 1-21.

25.     Offill and Godwin Pappas breached their fiduciary duty to the Amerifirst Clients by failing to act with abundant good faith, perfect candor, openness, and honesty; without concealment or deception; and without making full and fair disclosure of all material facts. Offill's and Godwin Pappas' breach of fiduciary duty was a proximate cause of damages to the Amerifirst Clients. The damages are measured by the difference between the amount owed to the investors by the Amerifirst Clients and the amount of any investor recovery from the assets of the Receivership Estate. In addition to all monetary damages that are recoverable, Special Receiver is also entitled to recover any and all fees paid by the Amerifirst Clients to Offill and Godwin Pappas by the Amerifirst Clients in connection with the matters that are the subject of this action, because forfeiture of fees is warranted in a breach of fiduciary duty action.

MHDocs 1645170_1 10271.1

### Jury Demand

26.     Special Receiver demands trial by jury of all issues so triable.

### PRAYER

**WHEREFORE**, Plaintiff Special Receiver D. Ronald Reneker prays that Defendants Phillip W. Offill, Jr. and Godwin Pappas Ronquillo, LLP be cited to appear and answer in this action and that upon final hearing,

(1)     Plaintiff recover from Defendants, jointly and severally, monetary damages as described herein and all fees paid by the Amerifirst Clients to Defendants in connection with the matters that are the subject of this action;

(2)     Plaintiff recover from Defendants, jointly and severally, pre- judgment and post-judgment interest as allowed by law;

(3)     Plaintiff recover from Defendants, jointly and severally, costs of court; and

(3)     Plaintiff recover from Defendants, jointly and severally, such other and further relief, whether special or general, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted:

By: _____
D. Ronald Reneker, Special Receiver
Texas Bar No.:  16770000
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas  775201
(214) 855-7564
(214) 978-4384 (fax)

9

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
D. Ronald Reneker, in his capacity as Special Receiver for Defendants AmeriFirst Funding, Inc., et al.

## DEFENDANTS
Phillip W. Offill, Jr. and Godwin Pappas Ronquillo, LLP

**(b)** County of Residence of First Listed Plaintiff: **Dallas County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

3-08CV1394-M

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Munsch Hardt Kopf & Harr PC, 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201-6659, 214-855-7500

Attorneys (If Known)

RECEIVED
AUG 11 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |  ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Suit by federal receiver to pursue receivership esate's claims for professional negligence and breach of fiduciary duty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $1MM
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Sidney A. Fitzwater
DOCKET NUMBER 3:07-cv-01188-D

DATE: 08/11/2008
SIGNATURE OF ATTORNEY OF RECORD: D. Ronald Reneker

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____