IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

D. RONALD RENEKER, SPECIAL    §
RECEIVER FOR AMERIFIRST    §
FUNDING, INC., et al.,    §
   §
          Plaintiff,    §
   §   Civil Action No. 3:08-CV-1394-D
VS.    §
   §
PHILLIP W. OFFILL, JR., et al.,  §
   §
         Defendants.  §

MEMORANDUM OPINION
AND ORDER

The court must decide whether it has subject matter jurisdiction over a special receiver's negligence and breach of fiduciary duty claims and whether the special receiver's breach of fiduciary duty claim improperly fragments his negligence claim. Concluding that the special receiver lacks standing to bring the negligence claim and that the breach of fiduciary duty claim improperly fragments the negligence claim, the court dismisses the negligence claim without prejudice and dismisses the breach of fiduciary duty claim with prejudice. The court also grants the special receiver leave to amend.

I

In *SEC v. AmeriFirst Funding, Inc.*, Civil Action No. 3:07-CV-1188-D (N.D. Tex. filed July 2, 2007) ("Receivership Action"), the Securities and Exchange Commission ("SEC") filed suit against AmeriFirst Funding, Inc. a/k/a Ameri-First Funding, Inc. a/k/a Ameri First Funding, Inc. ("AmeriFirst Funding"), AmeriFirst

Acceptance Corp. ("AmeriFirst Acceptance"), Jeffrey C. Bruteyn ("Bruteyn"), and Dennis W. Bowden ("Bowden"), alleging that they were operating an investment fraud, in violation of §§ 5(a), (c), and 17(a) of the Securities Act of 1933, and § 10(b) of the Securities and Exchange Act of 1934.  The SEC joined as relief defendants American Eagle Acceptance Corp. ("American Eagle") and Hess Financial Corp. ("Hess").  The SEC later amended its complaint to add as relief defendants InterFinancial Holding Corp. ("InterFinancial"), Hess International Properties, LLC ("Hess Properties"), Hess International Investments, S.A. ("Hess Investments"), Gerald Kingston ("Kingston"), and United Financial Markets, Inc. ("United Financial").[1]

On July 2, 2007 the court filed an order ("Receivership Order") appointing William D. Brown ("Brown") as a temporary receiver.  Under the Receivership Order, the court took exclusive jurisdiction and possession of the "assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated" belonging to AmeriFirst Funding, AmeriFirst Acceptance, Bruteyn, Bowden, American Eagle, and Hess ("Receivership Assets").

---

[1]A more complete recounting of the background facts of the Receivership Action can be found in opinions such as *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 282275 (N.D. Tex. Feb. 1, 2008) (Fitzwater, C.J.) (addressing the contempt proceedings), *appeals docketed*, No. 08-10174 (5th Cir. Feb. 26, 2008), and No. 08-10257 (5th Cir. Mar. 20, 2008).

Receivership Order ¶ 1.  On August 2, 2007 the court filed an amended order ("Amended Receivership Order"), that, *inter alia*, subjected InterFinancial, Hess Properties, Hess Investments, United Financial, and Kingston to the terms of the order.

In both the Receivership Order and the Amended Receivership Order, all defendants and relief defendants in the Receivership Action, as well as all persons in active concert or participation with them who received actual notice of the orders, were directed to "promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them . . . [with] [n]o separate subpoena . . . required." Receivership Order ¶ 3; Amended Receivership Order ¶ 3.

The court later appointed D. Ronald Reneker, Esquire ("Reneker") as special receiver for AmeriFirst Funding, Bruteyn, Bowden, American Eagle, Hess, InterFinancial, Hess Properties, Hess Investments, United Financial, and Kingston for the "limited purpose of making decisions with respect to the filing, prosecution and ultimate disposition of any lawsuit that includes [Godwin Pappas Ronquillo, LLP f/k/a Godwin Pappas Langley Ronquillo, LLP f/k/a Godwin Gruber, LLP ("Godwin Pappas")] as a defendant." *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D (N.D. Tex. June 5, 2008) (Fitzwater, C.J.) (order) (appointing Reneker as special receiver for the limited purposes set forth in plaintiff SEC and receiver Brown's motion); SEC Mot. 3-4 ("The SEC and the Receiver

- 3 -

jointly propose that [Reneker] . . . be appointed as Special
Receiver for the limited purpose of making decisions with respect
to the filing, prosecution and ultimate disposition of any lawsuit
that includes Godwin Pappas as a defendant."). Reneker then filed
this lawsuit against Godwin Pappas, a law firm, and Phillip W.
Offill ("Offill"), who had been a partner in the firm from the date
of its formation until January 2007 (collectively, "Godwin Pappas"
unless the context otherwise requires). Reneker alleges that
Godwin Pappas breached its fiduciary duty to, and negligently
represented, Bruteyn, AmeriFirst Acceptance, AmeriFirst Funding,
and American Eagle (collectively, the "AmeriFirst Clients").[2]

In violation of the registration and anti-fraud provisions of
numerous state and federal securities laws, AmeriFirst Acceptance
and AmeriFirst Funding offered for public sale what they called
"Collateral Secured Debt Obligation Notes" ("CSDOs"). In early
August 2006 the illegal offering of the CSDOs came to the attention
of the Texas State Securities Board ("TSSB"). The TSSB made an
initial inquiry to Bruteyn and his affiliated entities, followed by
a formal written inquiry requesting information about the offering
of the CSDOs and a response within ten days. The AmeriFirst
Clients engaged Offill and Godwin Pappas to respond on their
behalf.

_____

[2]The case was initially assigned to the docket of another
judge of this court and was reassigned to the undersigned's docket
on January 21, 2009.

- 4 -

Reneker's negligence and breach of fiduciary duty claims are based on communications that Godwin Pappas made to the TSSB on behalf of the AmeriFirst Clients. Reneker alleges that, when Godwin Pappas responded to the TSSB, it negligently misrepresented that, *inter alia*, the CSDOs were secured and were only offered in Texas. Reneker avers that Godwin Pappas either knew or should have known that these statements were false.[3] Reneker alleges that Godwin Pappas committed professional malpractice and violated its fiduciary duty when it "gave the TSSB false information that forestalled the TSSB investigation, thus allowing the AmeriFirst Clients to continue their illegal and/or fraudulent activity; failed to adequately advise the AmeriFirst Clients that they were violating the law and that they should cease illegally offering securities to the public; and failed to take the action necessary to protect the public and the AmeriFirst Clients when such conduct continued." *Id.* at ¶¶ 18-19. Reneker contends that, as a result of Godwin Pappas' negligence and breach of fiduciary duty, "the

---

[3]Specifically, Reneker asserts that Godwin Pappas made the following negligent misrepresentations to the TSSB: the CSDOs were secured by pledges of vendor's liens on automobile purchase notes, automobiles, certificates of deposit, and cash; the AmeriFirst Clients had not utilized promotional materials or advertising; the CSDOs were offered to Texas residents only through AmeriFirst Funding's officers and directors, none of whom was paid any manner of additional compensation; Colonial First Advisors was the investment advisor for the CSDO offering, and it was located at 4514 Cole Ave, Suite 600, Highland Park, Texas 75202; the AmeriFirst clients had not offered or sold any securities through any Internet site; and AmeriFirst Funding had $23.5 million in assets. *See* Compl. ¶ 13.

AmeriFirst Clients were able to continue their illegal sales of the CSDOs after [the response] letter to the TSSB," and were thereby rendered "liable to third party investors in the sum of at least $36.5 million." *Id.* at ¶ 20.

Godwin Pappas moves to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that this court lacks subject matter jurisdiction over Reneker's state-law claims because there are no allegations in the complaint to support pendent or ancillary jurisdiction, and/or because Reneker lacks standing to bring the claims since he seeks investor damages, not client damages. Godwin Pappas also moves to dismiss under Rule 12(b)(6), contending that the doctrine of *in pari delicto* defeats Reneker's claims, and that Reneker has not pleaded, and cannot prove, the damage and causation elements of his causes of action.

II

The court will first address Godwin Pappas' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

- 6 -

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id.* Under Rule 12(b)(1), the district court can dismiss for lack of subject matter jurisdiction on the basis of the complaint alone. *See Williamson v. Tucker*, 645 F.2d 404, 412-413 (5th Cir. 1981).

> When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make either a facial attack or a factual attack. If the party merely brings a Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading, assuming them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion. A party may make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony. When a movant provides evidence factually attacking subject matter jurisdiction, the party attempting to invoke jurisdiction must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction.

*Estate of Merkel v. United States*, 2008 WL 5378183, at *2 (N.D. Tex. Dec. 23, 2008) (Fitzwater, C.J.) (citations omitted), *appeal docketed*, No. 09-10203 (5th Cir. Mar. 10, 2009). Here, Godwin Pappas offers no supporting evidence to deny or controvert the complaint's allegations of jurisdiction, but instead challenges the

- 7 -

sufficiency of the complaint.  The court will therefore treat the Godwin Pappas' arguments as a facial attack.

B

1

Godwin Pappas argues that Reneker's complaint should be dismissed because it alleges only state-law claims (negligence and breach of fiduciary duty) over which this court has no pendent or ancillary jurisdiction.  It contends that cases in which an equity receiver is granted the power to bring an ancillary action based exclusively on state law are limited to those where the receiver is seeking to recover the proceeds of federal securities violations that were fraudulently transferred to third parties who have no legitimate claims to the funds.  Godwin Pappas posits that, because there are neither claims of securities-laws violations against Godwin Pappas nor claims that it possesses funds fraudulently obtained by defendants from investors, Reneker's state-law claims must be brought in state court.[4]

2

Although the court has ancillary jurisdiction over state-law claims brought by a court-appointed receiver to recover the proceeds of federal securities violations, *see, e.g., Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir. 1995) (holding there was

---

[4]No party asserts that the court has diversity jurisdiction in this case.

ancillary jurisdiction where receiver sought to recover proceeds of federal securities violations transferred to third parties with no legitimate claims to funds); *Warfield v. Arpe*, 2007 WL 549467, at *6-*7 (N.D. Tex. Feb. 22, 2007) (Buchmeyer, J.) (concluding there was ancillary jurisdiction where court-appointed receiver attempted to recover assets held by third parties that were dissipated during course of Ponzi scheme), Godwin Pappas points to no cases that hold that a federal court lacks ancillary jurisdiction over negligence and breach of fiduciary duty claims like those asserted here. Indeed, the case law supports a much broader view of ancillary jurisdiction.

> [It is] undisputed . . . that the initial suit which results in the appointment of the receiver is the primary action and . . . *any suit which the receiver thereafter brings in the appointment court in order to execute his duties is ancillary to the main suit*. As such, the district court has ancillary subject matter jurisdiction of every such suit irrespective of diversity, amount in controversy or any other factor which would normally determine jurisdiction.

*Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 822 (6th Cir. 1981) (footnote omitted) (emphasis added). "So long as an action commenced by a court appointed receiver seeks 'to accomplish the ends sought and directed by the suit in which the appointment was made, such action or suit is regarded as ancillary so far as the jurisdiction of the . . . court of the United States is concerned.'" *Tcherepnin v. Franz*, 485 F.2d 1251, 1255-56 (7th Cir.

1973) (citing *Pope v. Louisville, New Albany & Chi. Ry. Co.*, 173 U.S. 573, 577 (1899)). Therefore, this court has ancillary jurisdiction over any claim brought by Reneker in order to execute his receivership duties.

In the Receivership Order, the court took exclusive jurisdiction and possession of the Receivership Assets——including any causes of action belonging to the AmeriFirst Clients——and authorized Brown to take and have possession of the Receivership Assets. *See* Receivership Order ¶¶ 1, 2 ("This court hereby takes exclusive jurisdiction and possession of the . . . *claims in action* . . . of [the AmeriFirst Clients] ('Receivership Assets')" and the "Receiver [Brown] is hereby authorized to take and have possession of the Receivership Assets." (emphasis added)). Because of a potential conflict of interest between Brown and Godwin Pappas, the court appointed Reneker as special receiver "for the limited purpose of making decisions with respect to the filing, prosecution and ultimate disposition of any lawsuit that includes Godwin Pappas." *See* SEC Mot. 3-4. Accordingly, because Reneker brings this suit as special receiver to execute his duties (i.e., the prosecution of a lawsuit involving Godwin Pappas) and to accomplish the ends sought and directed by the underlying Receivership Action (including the marshaling and preserving of Receivership Assets for the benefit of investors), this court has ancillary subject matter jurisdiction over Reneker's negligence and breach of fiduciary duty

claims. *See Johnson v. Miller*, 596 F. Supp. 768, 771 (D. Colo.
1984) (noting that if malpractice action brought by receiver for
futures fund against former attorney for fund and his law firm
"were tried before [the appointing judge], jurisdiction could be
ancillary to the principal suit in which the receiver was
appointed").

III

Godwin Pappas also argues that Reneker's complaint must be
dismissed for lack of standing.

A

The requirement that a plaintiff have standing to sue involves
"both constitutional limitations on federal-court jurisdiction and
prudential limitations on its exercise." *Warth v. Seldin,* 422 U.S.
490, 498 (1975). To satisfy the requirements of Article III of the
Constitution, plaintiffs must show, at an "irreducible
constitutional minimum," that they have "suffered 'injury in fact,'
that the injury is 'fairly traceable' to the actions of the
defendant[s], and that the injury will likely be redressed by a
favorable decision." *Bennett v. Spear,* 520 U.S. 154, 162 (1997)
(quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61
(1992)). The injury in fact, moreover, must be "concrete and . . .
actual or imminent, not conjectural or hypothetical," and "the
injury must affect the plaintiff in a personal and individual way."
*Lujan,* 504 U.S. at 560 & n.1 (citations omitted).

- 11 -

"Like a trustee in bankruptcy or . . . the plaintiff in a derivative suit, an equity receiver may sue only to redress injuries to the entity in receivership, corresponding to the debtor in bankruptcy and the corporation of which the plaintiffs are shareholders in the derivative suit." *Lehmann,* 56 F.3d at 753. "It is a well-known legal principle that a receiver can bring only those claims belonging to the entit[ies] it represents and cannot bring claims on behalf of third parties." *Scholes v. Stone, McGuire & Benjamin*, 821 F. Supp. 533, 535 (N.D. Ill. 1993) (citing *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416 (1972)). A receiver stands in the place of the individuals and entities over whose property he has been appointed receiver. *See Hymel v. FDIC*, 925 F.2d 881, 883 (5th Cir. 1991). Therefore, Reneker, standing in the shoes of the AmeriFirst Clients, must allege an "injury in fact" suffered by the AmeriFirst Clients that is "concrete" and "actual or imminent," that was caused by Godwin Pappas, and that can be redressed by a favorable decision. *See Lujan,* 504 U.S. at 560-61.

B

Reneker alleges that the AmeriFirst Clients suffered two concrete and actual injuries as a result of Godwin Pappas' inadequate representation (negligence) and material misrepresentations (breach of fiduciary duty), which can be redressed by a favorable decision: (1) the fees paid to Godwin

- 12 -

Pappas for inadequate and erroneous legal advice and representation, and (2) the violations of securities laws and the consequent $36.5 million liability owed to investors.

Godwin Pappas argues that Reneker lacks standing because he has failed to establish injury and causation. Specifically, Godwin Pappas contends that Reneker alleges no injury to the AmeriFirst Clients that is distinct from the injury to the investors, and that Reneker's allegations that Godwin Pappas failed to stop the securities-laws violations committed by the AmeriFirst Clients provide no plausible causation for injury to the AmeriFirst Clients. Pointing to a component of the complaint's measure of damages, in which Reneker quantifies the damages as "the difference between the amount owed to the investors by the Amerifirst Clients and the amount of any investor recovery from the assets of the Receivership Estate," Compl. ¶¶ 23, 25, Godwin Pappas contends that although Reneker makes the conclusory allegation that Godwin Pappas' negligence and breach of fiduciary duty were a proximate cause of damages to the AmeriFirst Clients, he is in fact seeking to recoup investor damages.

C

The standing requirement of Article III "precludes [Reneker], as the designated receiver for [the AmeriFirst Clients], from bringing causes of action that belong to their investors as such, as contrasted with claims that belong directly to [the AmeriFirst

- 13 -

Clients] for whom [Reneker] is the appointed representative."
*Scholes v. Schroeder*, 744 F. Supp. 1419, 1421 (N.D. Ill. 1990).
Because Godwin Pappas represented the AmeriFirst Clients, not the
investors, if Godwin Pappas was negligent in its legal
representation or if it breached its fiduciary duty, such claims
would clearly belong to the AmeriFirst Clients, not to investors.
*See Johnson*, 596 F. Supp. at 772(holding that where receiver, suing
on behalf of fund, alleged damages to fund arising out of
attorney's legal representation of fund, as opposed to
representation of individual investors, "the Fund is . . . an
entity distinct from investors and capable of bringing suit"). In
other words, because both the duty of care and the duty of a
fiduciary were owed to the AmeriFirst Clients rather than to the
investors, if Godwin Pappas breached either duty, it wronged the
AmeriFirst Clients, not the investors.

But Reneker in part sues for damages allegedly suffered by the
investors, not the AmeriFirst Clients. In addition to suing for
breach of fiduciary duty to recover professional fees paid by the
AmeriFirst Clients to Godwin Pappas, Reneker also seeks to recover
under negligence and breach of fiduciary duty theories "the
difference between the amount owed to the investors by the
AmeriFirst Clients and the amount of any investor recovery from the
assets of the Receivership Estate." Compl. ¶¶ 23, 25. The
liability owed to the investors and left unsatisfied by the assets

marshaled into the Receivership Estate, however, while concrete and actual, is not distinct from the investors' injury.[5]   The Receivership Estate's financial inability to satisfy liabilities owed to investors as a result of securities-laws violations harms the investors, not the AmeriFirst Clients.  *See Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F.Supp.2d 79, 100 (S.D.N.Y. 2004) (holding that bankruptcy debtor-in-possession lacked standing to sue investment banking firm for professional malpractice where debtor alleged that firm's malpractice made it impossible for debtor to satisfy its debts because "[debtor's] inability to satisfy those debts harms its creditors, not [debtor]."). Hence, Reneker lacks standing to bring a negligence claim where the only harm alleged is the Receivership Estate's inability to satisfy its liabilities to investors.

The court therefore dismisses this claim without prejudice for lack of standing.

D

The court reaches a different conclusion with respect to the professional fees that the AmeriFirst Clients paid to Godwin Pappas.  Because the paid professional fees are a concrete and actual injury, distinct from any injury suffered by investors, that

---

[5]Reneker does not allege, for example, that Godwin Pappas' negligent legal representation injured the AmeriFirst Clients to the extent that it increased the AmeriFirst Clients' liability to third parties or caused the AmeriFirst Clients to be liable to third parties when they otherwise would not have been.

is traceable to Godwin Pappas' alleged breach of fiduciary duty and redressable by a favorable decision, Reneker has standing to bring the breach of fiduciary duty claim on behalf of the AmeriFirst Clients.   *See id.* at 91 (holding that in its professional malpractice claim against investment banking firm, bankruptcy debtor-in-possession had standing to seek fees and interest paid to firm).[6]

IV

Having determined that Reneker has standing to bring a breach of fiduciary duty claim, the court now addresses Godwin Pappas' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

A

To survive a Rule 12(b)(6) motion to dismiss, Reneker must plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct.

_____

[6]Godwin Pappas also argues that Reneker's suit should be dismissed for lack of standing because Reneker brings the action in part on behalf of an individual wrongdoer, Bruteyn.   "In the Fifth Circuit and the majority of circuits, [however,] *in pari delicto* operates as an affirmative defense to a claim's *merits,* but [cannot] independently preclude a [receiver's] standing to bring a claim."   *In re Today's Destiny, Inc.*, 388 B.R. 737, 746-47 (Bankr. S.D. Tex. 2008).   The doctrine of "[i]n pari delicto is an equitable defense that bars a plaintiff's recovery where the plaintiff itself bears responsibility for the violations he seeks to redress and preclusion of the suit would not impede public policy concerns . . . .   [T]he questions of whether a party has standing and whether the party's claims are barred by an equitable defense are separate questions."   *In re IFS Fin. Corp.*, 2007 WL 1308321, at *3 (Bankr. S.D. Tex. May 3, 2007).

1955, 1974 (2007).   Although in deciding Godwin Pappas' motion, "[t]he court accepts all well-pleaded facts [of Reneker's complaint] as true, viewing them in the light most favorable to [Reneker]," *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)), "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 127 S.Ct. at 1965 (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [Reneker's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations, quotation marks, and brackets omitted).

B

For purposes of its motion to dismiss, Godwin Pappas contends that Reneker's breach of fiduciary duty claim should be treated as an action for legal malpractice because Reneker has improperly fragmented his negligence claim into a separate breach of fiduciary duty claim.

> Under Texas law, a plaintiff cannot fracture a legal malpractice claim into multiple causes of action.  Generally, Texas courts frown on attempts to fracture one cause of action into three or four.  If a lawyer's error or mistake is actionable, it should give rise to a cause of action for legal malpractice with one set of issues which inquire if the conduct or omission occurred, if that conduct or omission was malpractice and if so, subsequent issues on causation and damages.  If the gist of a client's complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim.  The rule against dividing or fracturing a negligence claim prevents legal-malpractice plaintiffs from opportunistically transforming a claim that sounds only in negligence into other claims.

*Jacobs v. Tapscott*, 2006 WL 2728827, at *4 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) (citations, internal quotation marks, and brackets omitted), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. May 8) (per curiam), *cert. denied*, ___ U.S. ___, 129 S.Ct. 299 (2008).

"Professional negligence, or the failure to exercise ordinary care, includes giving a client bad legal advice or otherwise improperly representing the client." *Murphy v. Gruber*, 241 S.W.3d 689, 692-93 (Tex. App. 2007, pet. denied).

> For example, a lawyer can commit professional negligence by giving an erroneous legal opinion or erroneous advice, by delaying or failing to handle a matter entrusted to the lawyer's care, or by not using a lawyer's ordinary care in preparing, managing, and prosecuting a case.

- 18 -

*Id.* at 693.

"'If, however, the client's complaint is more appropriately classified as another claim, for example, . . . breach of fiduciary duty, . . . then the client can assert a claim other than negligence.'" *Jacobs*, 2006 WL 2728827, at *5 (ellipses in original) (quoting *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189 (Tex. App. 2002, no pet.)). A breach of fiduciary duty by a lawyer involves the integrity and fidelity of an attorney and focuses on whether an attorney obtained an improper benefit from representing the client. *Murphy*, 241 S.W.3d at 693.

> An attorney breaches his fiduciary duty when he benefits improperly from the attorney-client relationship by, among other things, subordinating his client's interest to his own, retaining the client's funds, engaging in self-dealing, improperly using client confidences, failing to disclose conflicts of interest, or making misrepresentations to achieve these ends.

*Id.* (internal quotations and citations omitted).

"Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice." *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App. 2002, pet. denied). "A claim for negligence, instead of some other claim, should be asserted if the gravamen of the client's complaint is that the attorney did not exercise the degree of care, skill, or diligence that attorneys of

- 19 -

ordinary skill and knowledge commonly possess." *Jacobs*, 2006 WL 2728827, at *5 (citing *Deutsch,* 97 S.W.3d at 189). "Additionally, characterizing conduct as a 'misrepresentation' or 'conflict of interest' does not alone transform what is really a professional negligence claim into either a fraud or a breach-of-fiduciary-duty claim." *Murphy*, 241 S.W.3d at 697. Nor is the remedy sought by the plaintiff dispositive. *Id.* at 698 (holding that the fact that plaintiff seeks fee forfeiture——a remedy available under breach-of-fiduciary duty claims——does not determine whether he is really complaining about malpractice). Instead, the court must discern "the real substance of the claims." *Id.* at 697.

C

1

In support of his breach of fiduciary duty claim, Reneker relies on the same allegations that support his negligence claim. *See* Compl. ¶¶ 24-25 (incorporating, *inter alia*, ¶¶ 18 and 19); *id.* at ¶ 19 ("Godwin Pappas breached [its] fiduciary duty to the AmeriFirst Clients by engaging in the conduct described in paragraph 18 [the allegations supporting the negligence claim]").

> Godwin Pappas gave the TSSB false information that forestalled the TSSB investigation, thus allowing the AmeriFirst Clients to continue their illegal and/or fraudulent activity; failed to adequately advise the AmeriFirst Clients that they were violating the law and that they should cease illegally offering securities to the public; and failed to take the action necessary to protect the public and the AmeriFirst Clients

- 20 -

> when such conduct continued. Each such course
> of conduct was negligence.

*Id.* at ¶ 18. The balance of Reneker's breach of fiduciary duty claim consists largely of boilerplate allegations. *See id.* at ¶ 25 ("Offill and Godwin Pappas breached their fiduciary duty to the Amerifirst Clients by failing to act with abundant good faith, perfect candor, openness, and honesty; without concealment or deception; and without making full and fair disclosure of all material facts."); *id.* at ¶ 19 ("Offill and Godwin Pappas owed a fiduciary duty to the AmeriFirst Clients. Such duty required Offill and Godwin Pappas to act with abundant good faith, perfect candor, openness, and honesty, without concealment or deception. Offill and Godwin Pappas were also required to make a full and fair disclosure of the facts material to the clients' representation."). Such formulaic recitations of a cause of action for breach of fiduciary duty do not by themselves satisfy Reneker's obligation to provide the grounds of his entitlement to relief. *See Bell Atl. Corp.*, 127 S.Ct. at 1964-65. The viability of Reneker's breach of fiduciary duty claim therefore hinges on the conduct Reneker describes in ¶ 18 of the complaint.

Reneker alleges that Godwin Pappas breached its fiduciary duty to the AmeriFirst Clients in three ways: (1) giving the TSSB false information that forestalled the TSSB investigation, thus allowing the AmeriFirst Clients to continue their illegal and/or fraudulent activity; (2) failing to adequately advise the AmeriFirst Clients

that they were violating the law and that they should cease illegally offering securities to the public; and (3) failing to take the action necessary to protect the public and the AmeriFirst Clients when they persisted in their illegal activities. All of these actions, however, fail to state a claim for breach of fiduciary duty, either because the action could not have been contrary to a fiduciary duty that Godwin Pappas owed to the AmeriFirst Clients or because the cause of action improperly fragments Reneker's negligence claim.

2

Giving the TSSB false information to forestall an investigation, thereby allowing the AmeriFirst Clients to continue illegal and/or fraudulent activity, would only amount to a breach of fiduciary duty if Godwin Pappas owed the AmeriFirst Clients a fiduciary duty not to enable them to continue such activities. Similarly, failing to take the action necessary to protect the public and the AmeriFirst Clients when the AmeriFirst Clients persisted in their illegal activities would only amount to a breach of fiduciary duty if Godwin Pappas owed the AmeriFirst Clients a duty to expose their illegal conduct if they chose to persist in it. It is not apparent from the complaint how Godwin Pappas could owe the AmeriFirst Clients either duty. It is a truism, as Reneker alleges in his complaint, *see* Compl. ¶ 19, that Godwin Pappas owed the AmeriFirst Clients a duty of "perfect candor, openness, and

honesty." *Combs v. Gent,* 181 S.W.3d 378, 384 (Tex. App. 2005, no pet.) ("Attorneys owe their clients a fiduciary duty of 'most abundant good faith,' requiring absolute perfect candor, openness, and honesty, and the absence of any concealment or deception." (citing *Deutsch*, 97 S.W.3d at 196). But Godwin Pappas could not have violated this duty by allowing the AmeriFirst Clients to forestall the TSSB investigation or by failing to expose the AmeriFirst Clients illegal activity. Godwin Pappas owed the fiduciary duty of perfect candor to the AmeriFirst Clients, not to the TSSB or to the public at large. And Reneker does not allege that Godwin Pappas acted dishonestly toward the AmeriFirst Clients themselves. Accordingly, the court dismisses Reneker's breach of fiduciary duty claims based on Godwin Pappas' alleged misrepresentation to the TSSB and failure to take action necessary to protect the public from the AmeriFirst Clients' illegal conduct for failure to state a cognizable legal theory of recovery.[7]

---

[7]Although Godwin Pappas has not included this precise ground in its motion to dismiss, the court may rely on it *sua sponte* as a basis for dismissal. *See Coates v. Heartland Wireless Commnc'ns, Inc.*, 55 F.Supp.2d 628, 633 (N.D. Tex. 1999) (Fitzwater, J.); *Foreman v. Dallas County, Tex.*, 990 F. Supp. 505, 510 (N.D. Tex. 1998) (Fitzwater, J.) (three-judge court). "Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 409 (3d ed. 2004). In this case, the court is granting Reneker leave to amend, and he can attempt to cure this deficiency in his amended complaint. If he concludes that he cannot cure this defect by amendment, then to ensure that the procedure is fair, the court

3

Reneker's claim that Godwin Pappas breached its fiduciary duty by failing to adequately advise the AmeriFirst Clients that they were violating the law, on the other hand, fails for improperly fracturing the negligence claim.   In the absence of other necessary allegations for a breach of fiduciary duty claim, the mere failure to adequately advise the AmeriFirst Clients that they were violating the law is a claim for negligence.   *See Murphy*, 241 S.W.3d at 693-94; *Duerr v. Brown*, 262 S.W.3d 63, 72 (Tex. App. 2008, no pet.) ("Because [plaintiff's] first theory focuses on the quality of representation provided, it alleges legal malpractice and nothing more.").   The gist of the claim is that Godwin Pappas did not exercise the degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess. It does not matter what label, e.g., breach of fiduciary duty, that Reneker attached to the claim.

In an apparent effort to satisfy the requirements for a breach of fiduciary duty claim, Reneker points to the professional fees that Godwin Pappas obtained from representing the AmeriFirst Clients as an improper benefit.   Essentially, Reneker contends that Godwin Pappas improperly benefited from its attorney-client relationship with the AmeriFirst Clients because it was paid for

---

will allow him 30 days from the date this memorandum opinion and order is filed to submit a brief that sets out his opposition to dismissing his breach of fiduciary duty claim on this basis.

its erroneous legal advice.  If such an allegation were sufficient, however, it would effectively transform every malpractice claim arising from a paid attorney-client relationship into a breach of fiduciary duty claim.  A client could almost always allege that he paid his lawyer for providing legal advice that turned out to be erroneous.  Consequently, the mere receipt of professional fees in exchange for services that fall below the degree of care, skill, or diligence that attorneys of ordinary skill and knowledge commonly possess cannot, without more, be an "improper benefit" that transforms an attorney negligence claim into one for breach of fiduciary duty.  Godwin Pappas' receipt of fees for its allegedly inadequate counsel therefore does not change the court's conclusion that the crux of Reneker's complaint regarding Godwin Pappas' alleged failure to adequately advise the AmeriFirst Clients is a professional negligence claim.  *See Murphy*, 241 S.W.3d at 698-99 ("We conclude these allegations [,which allege, *inter alia*, that the lawyers acted in their own self interest in obtaining a fee while taking action in a case that was detrimental to the client's interests] complain about the quality of the Lawyers' representation, . . . which are claims of professional negligence.").[8]

---

[8]This conclusion is distinguishable from the one the court reached in *Jacobs*.  There, the plaintiffs alleged that a law firm and one of its attorneys breached their fiduciary duties by improperly using and exercising powers of attorney contained in employment agreements.  The plaintiffs contended that the powers of

Because Reneker either fails to state a cognizable theory of legal recovery or improperly fragments his negligence claim, the court dismisses his breach of fiduciary duty claim with prejudice.[9]

V

Although the court grants Godwin Pappas' Rule 12(b)(6) motion, it will give Reneker an opportunity to amend so that he can plead a claim against Godwin Pappas.

> [I]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that

---

attorney did not grant the defendants the right to settle litigation without consulting them, and, by doing so, the defendants "gained the benefit of attorney's fees improperly thereby and avoided the necessity and expense of a jury trial." *Jacobs*, 2006 WL 2728827, at *6. The court noted that "[a]n attorney's 'pursuit of his own pecuniary interests over the interests of his client . . . can be viewed as claims involving breached fiduciary duties.'" *Id.* (quoting *Archer v. Med. Protective Co.,* 197 S.W.3d 422, 427-28 (Tex. App. 2006, no writ h.)). In *Jacobs* the plaintiffs (and the court) relied on more than the attorneys' mere receipt of professional fees for rendering inadequate legal advice. The plaintiffs asserted that their attorneys——who were obligated to try their clients' lawsuit under a contingent-fee arrangement contract——settled the lawsuit out of their own self-interest, i.e., to benefit themselves by avoiding the costs of a jury trial.

[9]Because the court dismisses Reneker's breach of fiduciary duty claim on these grounds, it need not address Godwin Pappas' contention that the doctrine of *in pari delicto* defeats Reneker's claims, and that Reneker has not pleaded and cannot prove the damage and causation elements of his causes of action.

- 26 -

will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  The court grants Reneker 30 days from the date this memorandum opinion and order is filed to file an amended complaint that demonstrates his standing to sue for professional negligence and to bring a cause of action for breach of fiduciary duty that states a claim on which relief can be granted.

*         *         *

Godwin Pappas' October 7, 2008 motion to dismiss is granted for the reasons stated, and Reneker is granted leave to replead.

**SO ORDERED.**

March 26, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE