```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

D. RONALD RENEKER, SPECIAL       §
RECEIVER FOR AMERIFIRST          §
FUNDING, INC., et al.,           §
                                 §
                 Plaintiff,      §
                                 § Civil Action No. 3:08-CV-1394-D
VS.                              §
                                 §
PHILLIP W. OFFILL, JR., et al.,  §
                                 §
                 Defendants.     §
```

MEMORANDUM OPINION
AND ORDER

The court returns to this case to decide whether plaintiff D. Ronald Reneker, Esquire ("Reneker"), as special receiver for several entities, has standing to bring a negligence claim and, if so, whether Reneker has stated a claim on which relief can be granted. The court concludes that Reneker has standing but that he has failed to state a negligence claim on which relief can be granted. It therefore grants defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss, but it also grants Reneker one final opportunity to replead.

I

The background facts and procedural history of this case are set out in this court's prior memorandum opinion and order and need not be repeated at length. *See Reneker v. Offill*, 2009 WL 804134, at *1-*2 (N.D. Tex. Mar. 26, 2009) (Fitzwater, C.J.) ("*Reneker I*"). Stated summarily, in *Reneker I* the court held that it had ancillary subject matter jurisdiction over Reneker's negligence and breach of

fiduciary duty claims against defendants Godwin Pappas Ronquillo, LLP f/k/a Godwin Pappas Langley Ronquillo, LLP f/k/a Godwin Gruber, LLP ("Godwin Pappas") and Phillip W. Offill ("Offill") (collectively, "Godwin Pappas" unless the context otherwise requires). *Id.* at *4. But the court also concluded that Reneker lacked standing to bring a negligence claim, and it dismissed the claim without prejudice. *Id.* at *6. Reneker alleged that the AmeriFirst Clients[1] suffered two concrete and actual injuries as a result of Godwin Pappas' inadequate representation (negligence) and material misrepresentations (breach of fiduciary duty) that could be redressed by a favorable decision: (1) the fees paid to Godwin Pappas for inadequate and erroneous legal advice and representation, and (2) the violations of securities laws and the consequent $36.5 million liability owed to investors. *Id.* at *5. The court held that the standing requirement of Article III precluded Reneker, as the designated receiver for the AmeriFirst Clients, from bringing claims that belonged to the investors of the AmeriFirst Clients as such, as contrasted with claims that belonged directly to the AmeriFirst Clients, for whom Reneker is the appointed representative. *Id.* at *6. Because Godwin Pappas represented the AmeriFirst Clients rather than the investors, if Godwin Pappas was negligent in its legal representation, or if it

---

[1]Jeffrey C. Bruteyn, AmeriFirst Acceptance Corp., AmeriFirst Funding, Inc. a/k/a Ameri-First Funding, Inc. a/k/a Ameri First Funding, Inc., and American Eagle Acceptance Corp.

breached its fiduciary duty, these claims would belong to the AmeriFirst Clients, not to investors. *Id.* To the extent Reneker sued for damages allegedly suffered by the investors, i.e., to recover the difference between the amount owed to the investors by the AmeriFirst Clients and the amount any investor recovered from the assets of the Receivership Estate, the liability owed to the investors and left unsatisfied by the assets marshaled into the Receivership Estate was not distinct from the investors' injury. The Receivership Estate's financial inability to satisfy liabilities owed to investors as a result of securities-laws violations harmed the investors, not the AmeriFirst Clients. Reneker therefore lacked standing to bring a negligence claim where the only harm alleged was the Receivership Estate's inability to satisfy its liabilities to investors.

Although the court concluded that Reneker had standing to bring the breach of fiduciary duty claim on behalf of the AmeriFirst Clients to recover professional fees that the AmeriFirst Clients paid to Godwin Pappas, *id.*, it held that the claim must be dismissed because the three predicates on which Reneker based the claim either could not have been contrary to a fiduciary duty that Godwin Pappas owed to the AmeriFirst Clients, or because the cause of action improperly fragmented Reneker's negligence claim. *Id*. at *9. The court dismissed the breach of fiduciary duty claim with prejudice because Reneker either failed to state a cognizable

theory of legal recovery or improperly fragmented his negligence claim. *Id*. at *10.

The court granted Reneker leave to amend so that he could plead a claim against Godwin Pappas. *Id.* Reneker timely filed an amended complaint, this time alleging only a negligence claim. Godwin Pappas moves anew to dismiss under Rule 12(b)(1) for lack of standing and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Reneker opposes the motion.[2]

II

The court addresses first Godwin Pappas' argument under Fed. R. Civ. P. 12(b)(1) that Reneker lacks standing. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1)

---

[2]Reneker also requests leave to file a surreply, contending that Godwin Pappas introduced a new legal theory and attempted to present new evidence in its reply brief. The new evidence is the fact that Bruteyn has now been indicted on criminal charges. *See United States v. Bruteyn*, No. 3:09-CR-136-M (N.D. Tex. filed May 19, 2009) (Lynn, J.), and reliance on documents in *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D (N.D. Tex. filed July 2, 2007) ("Receivership Action"). The allegedly new legal theory is that Godwin Pappas is entitled to dismissal based on public policy grounds.
The court concludes that this is not a new legal theory but is instead a further exploration of cases cited in Godwin Pappas' motion and Reneker's response. The Receivership Action is mentioned in the amended complaint and in Godwin Pappas' motion. Moreover, all of the documents to which Reneker objects are matters of public record, and in any case the court is not relying on them in deciding Godwin Pappas' motion. Accordingly, it denies Reneker's request for leave to file a surreply.

jurisdictional attack before addressing any attack on the merits.").

A

For Reneker to have standing, the AmeriFirst Clients (in whose shoes he stands) must have suffered an injury-in-fact, fairly traceable to the actions of Godwin Pappas, and likely to be redressed by a favorable decision from the court. *Reneker I*, 2009 WL 804134, at *4 (citing *Bennett v. Spear,* 520 U.S. 154, 162 (1997)). "[A] receiver can bring only those claims belonging to the entit[ies] it represents and cannot bring claims on behalf of third parties." *Id.* at *5 (quoting *Scholes v. Stone, McGuire & Benjamin*, 821 F. Supp. 533, 535 (N.D. Ill. 1993)).

In Reneker's complaint, he alleged that Godwin Pappas' negligence "rendered [the AmeriFirst Clients] 'liable to third party investors in the sum of at least $36.5 million.'" *Id.* at *2 (quoting Compl. ¶ 20). In *Reneker I* the court held that Reneker lacked standing to assert this negligence claim against Godwin Pappas because the damages he incurred were suffered by the investors of the AmeriFirst Clients, not the AmeriFirst Clients directly. *Id.* at *6. In his amended complaint, Reneker alleges that Godwin Pappas was negligent in failing to investigate issues relating to the improper sale of securities, to advise AmeriFirst Clients to stop their illegal activities, and to "blow the whistle" on the AmeriFirst Clients. Reneker alleges that

- 5 -

> [s]uch negligence caused the Ameri[F]irst Clients to incur additional and unnecessary liabilities to third persons . . . . In, particular, had Offill and Godwin Pappas performed as they should have, the Ameri[F]irst Clients would not have incurred the liability to third parties that they incurred after September 2006 [when Godwin Pappas might have informed the authorities].

Am. Compl. ¶ 19.

B

Godwin Pappas maintains that the amended complaint must be dismissed for the same reason that the court dismissed the complaint: Reneker's only allegation of harm is the damage suffered by investors, for which the AmeriFirst Clients are liable. The court disagrees.

The complaint and the amended complaint are materially different in that the alleged measure of damages has changed to reflect harm to the AmeriFirst Clients instead of to the investors. In the amended complaint, the harm that Reneker pleads is that, but for Godwin Pappas' negligence, the AmeriFirst Clients' liability would have been reduced, because the AmeriFirst Clients would have ceased their securities-laws violations at an earlier date. As stated in *Reneker I*, allegations that Godwin Pappas' negligence "increased the AmeriFirst Clients' liability to third parties or caused the AmeriFirst Clients to be liable to third parties when they otherwise would not have been" are sufficient to allege an injury that is concrete, actual, and distinct from the investors'

injury. *Reneker I*, 2009 WL 804134, at *6 n.5. The amended complaint makes these allegations. The alleged measure of damages is no longer merely the damages suffered by the investors, but is instead the "increased and unnecessary liabilities" suffered by the AmeriFirst Clients. Am. Compl. ¶ 22.

Therefore, Reneker has standing on behalf of the AmeriFirst Clients to pursue the negligence claim.

III

The court turns next to Godwin Pappas' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

A

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While "the pleadings standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl.,* 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Bell Atl.,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged——but it has not 'shown'——that the pleader is entitled to relief." *Ashcroft*, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted).

B

Reneker must therefore allege facts that, when viewed in the light most favorable to him, allow the court to draw the reasonable inference that Godwin Pappas is liable for negligence under Texas law. The factual allegations must include more than mere labels and conclusions and a formulaic recitation of the elements of a negligence claim.

"To prevail on a negligence cause of action under Texas law, plaintiff[] 'must establish the existence of a duty, a breach of that duty, and damages proximately caused by that breach.'" *Davis v. Dallas County*, 541 F.Supp.2d 844, 850 (N.D. Tex. 2008) (Fitzwater, C.J.) (quoting *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). Godwin Pappas maintains that Reneker's negligence claim does not adequately plead that Godwin Pappas breached a duty owed to the AmeriFirst Clients, that Godwin Pappas' negligence was the proximate cause of the AmeriFirst Clients' injuries, or that damages were suffered directly by the AmeriFirst Clients.[3]

C

"The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). "The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id.*

> The question of legal duty is a multifaceted issue requiring [the court] to balance a number of factors such as the risk and foreseeability of the injury, the social utility of the actor's conduct, the consequences of imposing the burden on the actor, and any other relevant and competing

---

[3]Because the court has already addressed in § II the sufficiency of the damages allegations to establish standing, it need not address the damages element again. The court holds for the same reasons that the amended complaint adequately alleges that the AmeriFirst Clients suffered damages.

> individual and social interests implicated by the facts of the case.

*Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 33 (Tex. 2002). "Although the formulation and emphasis varies with the facts of each case, three categories of factors have emerged: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy considerations." *Id*. at 34. "Of all these factors, foreseeability of the risk is the foremost and dominant consideration." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (internal quotation marks omitted). Yet "foreseeability alone is not a sufficient basis for creating a new duty." *Bird v. W.C.W.*, 868 S.W.2d 767, 768 (Tex. 1994).

Godwin Pappas argues that the amended complaint does not allege a duty owed to the AmeriFirst Clients that Godwin Pappas breached. Godwin Pappas disputes

> that their duties *to the Ameri[F]irst Clients* required them to prevent Ameri[F]irst Clients['] illegal acts or to 'blow the whistle' if they refused to do so . . . . Absent a request by the Ameri[F]irst Clients to correct any alleged misinformation given to the [securities authorities], Defendants had no such duty to the Clients to do so.

Ds. Mot. to Dis. 16 (emphasis in original).

D

The amended complaint alleges various duties that fall into two broad categories: the duty to blow the whistle on the

AmeriFirst Clients' illegal activities, and the duty to assist the AmeriFirst Clients in legally offering securities for sale. The first category consists of Reneker's allegations that Godwin Pappas improperly responded to securities authorities after receiving an inquiry regarding the AmeriFirst Clients; gave false information to the authorities; failed to correct this false information upon later learning of the error; and failed to take action to stop the AmeriFirst Clients' actions. These assertions pertain to a supposed duty to securities authorities, to investors, or to the public at large, but not to the AmeriFirst Clients. Assuming that an attorney has a legal duty to reveal his client's illegal actions that might harm third parties—and some courts have suggested that an attorney has no such duty[4]—that duty is not owed to the client. Therefore, the allegations of the amended complaint premised upon Godwin Pappas' duty to reveal its clients' illegal activities earlier—i.e., blow the whistle—cannot support Reneker's negligence claim because he has not pleaded a duty owed to the clients and has therefore failed to plead a negligence claim that

---

[4] Some courts have held that "professionals such as lawyers and accountants do not have a duty to 'blow the whistle' on their clients." *Calcutti v. SBU, Inc.*, 273 F.Supp.2d 488, 494 (S.D.N.Y. 2003); *see also Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1124 (5th Cir. 1988) ("an attorney required to declare publicly his or her legal opinion of a client's actions and statements may find it impossible to remain as loyal to the client as legal ethics properly require."), *vacated on other grounds by Fryar v. Abell*, 492 U.S. 914 (1989); *Schatz v. Rosenberg*, 943 F.2d 485, 493 (4th Cir. 1991) ("attorneys have no duty to 'blow the whistle' on their clients").

is plausible on its face.

E

The second category pertains to an alleged duty to assist the AmeriFirst Clients in legally offering securities for sale. Reneker alleges that the AmeriFirst Clients hired Godwin Pappas "for the purpose of assisting the Ameri[F]irst Clients in all aspects of properly offering securities for sale to the public, including compliance with all state and federal securities laws." Am. Compl. ¶ 11. He avers that Godwin Pappas prepared the proper offering documents for the securities being sold, but that it did not assist the AmeriFirst Clients in filing the documents. He also asserts that Godwin Pappas did not properly investigate the AmeriFirst Clients' actions and did not advise them to stop issuing the securities upon learning of their illegality.

Attorneys unquestionably have a duty to their clients to advise them of the legality of their actions and to assist them in accordance with the degree of care that would be exercised by a reasonably prudent attorney. *See, e.g.*, Tex. Disciplinary R. Prof'l Conduct 1.02(c), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Vernon 2005) (Tex. State Bar R. Art. 10, § 9); *Schlager v. Clements*, 939 S.W.2d 183, 186 (Tex. App. 1996, writ denied). And although the court must assume the truth of the well-pleaded facts of the amended complaint, *see Katrina Canal Breaches Litigation*, 495 F.3d at 205, Reneker must plead sufficient facts to

make his right to relief "plausible" and not merely "speculative" or "conceivable." *See Bell Atl.*, 550 U.S. at 570, 555. The amended complaint must not make "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 557) (brackets in original).

The amended complaint does little more than allege that Godwin Pappas never informed the AmeriFirst Clients of the illegality of their actions. While this is perhaps a *conceivable* breach of the duty to advise the clients of the legality of their actions and to exercise the degree of care of a reasonably prudent attorney, the amended complaint does not provide sufficient factual details to make this claim plausible on its face. For example, the amended complaint does not allege that, absent their lawyers' advice, the AmeriFirst Clients were actually unaware that their actions were illegal or that they lacked knowledge that the representations made during securities sales were in fact misrepresentations. The amended complaint also fails to allege that Godwin Pappas was acting contrary to its clients' directions. If these facts have not been pleaded, the court may assume their nonexistence. *See Ledesma for Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993) (Belew, J.). In fact, the court's May 5, 2008 memorandum opinion and order in *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 1959843 (N.D. Tex. May 5, 2008) (Fitzwater, C.J.),

belies any contrary assumptions.[5] If the AmeriFirst Clients knew they were committing——indeed, fully intended to commit——fraud, it is not apparent how Godwin Pappas' failure to tell them what they already knew could be a negligent breach of a lawyer's duty to the client. The amended complaint therefore fails to allege sufficient operative facts as to the breach of the duties owed to the AmeriFirst Clients to make the negligence claim plausible.

F

Godwin Pappas also challenges the negligence claim on the ground that it fails to adequately plead proximate cause. It posits that any causal connection is "too speculative and attenuated" because Reneker "does not allege that Defendants' action caused the Ameri[F]irst Clients to commit illegal acts." Ds. Mot. to Dis. 18-19. Godwin Pappas argues that the facts Reneker alleges in the amended complaint "stretch[] the bounds of causation," *id.* at 10, and depend on "an attenuated chain of causation which speculates as to uncertain, independent actions of third-parties, namely the [regulatory authorities] and the investors as well as the Ameri[F]irst Clients themselves." *Id.* at 9. Godwin Pappas essentially argues that, even if it had advised its clients of the illegality of their actions, it is entirely speculative to assume that the AmeriFirst Clients would have heeded

---

[5]The court may take notice of facts available in the public record in deciding this Rule 12(b)(6) motion. *See, e.g., Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995).

- 14 -

the advice and ceased their illegal actions.  At most, Godwin Pappas asserts, its actions amount to a condition that allowed, but did not cause, the AmeriFirst Clients' illegal conduct.  *See Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997) ("Under Texas law, a cause of action is legally insufficient if the defendant's alleged conduct did no more than furnish the condition that made plaintiff's injury possible.").

Under Texas law, proximate cause consists of cause in fact and foreseeability.  *See Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).  "'Cause in fact' means that the act or omission was a substantial factor in bringing about the injury, and without it harm would not have occurred . . . . 'Foreseeability' means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others." *Id.*

The amended complaint fails to plead sufficient facts to support a claim that Godwin Pappas' alleged failure to notify the AmeriFirst Clients of the illegality of their activities proximately caused their damages.  Although the court accepts all well-pleaded facts as true, the amended complaint does not contain sufficient factual allegations to support the requisite element that Godwin Pappas' actions were a "substantial factor" in the AmeriFirst Clients' damages.  It is speculative to assume that any change in Godwin Pappas' actions would have altered the actions of

the AmeriFirst Clients themselves. As the court has already noted, the amended complaint does not allege that the AmeriFirst Clients were unaware of the illegality of their actions or that their illegal actions were unintentionally so—the result of negligent advice from their attorneys. Thus under the pleading standards announced in *Bell Atlantic* and *Ashcroft*, Reneker has failed to allege sufficient facts to support a negligence claim against Godwin Pappas, because the amended complaint is inadequate to support the required element that Godwin Pappas' actions were a substantial factor in the AmeriFirst Clients' damages.

G

Godwin Pappas is therefore entitled to dismissal of Reneker's amended complaint under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.[6]

IV

Although the court is granting Godwin Pappas' second Rule 12(b)(6) motion, it will give Reneker one final opportunity to amend so that he can plead a claim against Godwin Pappas. First, when the court granted Godwin Pappas' first motion, it also dismissed in part based on Rule 12(b)(1) for lack of standing, *Reneker I*, 2009 WL 804134, at *6, and Reneker has cured that defect in his amended complaint. Second,

---

[6]Godwin Pappas also moves to dismiss on the basis of the Texas unlawful acts rule or the doctrine of *in pari delicto*. The court need not reach this ground of the motion.

> in view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs *at least one* opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (emphasis added; internal quotation marks omitted) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  It is not clear that the defects in the amended complaint are incurable, and Reneker has not advised the court that he is unwilling or unable to amend in a manner that will avoid dismissal.  The court grants Reneker 30 days from the date this memorandum opinion and order is filed to file a second amended complaint that states a claim on which relief can be granted.  Because this will be his third opportunity to state a claim that survives Rule 12(b)(6) dismissal, it is the final one that the court will give him.  If he fails to state a claim, and if Godwin Pappas successfully moves to dismiss under Rule 12(b)(6), this action will be dismissed with prejudice.

* * *

The court grants defendants' May 22, 2009 motion to dismiss for failure to state a claim, and it also grants Reneker one final opportunity to plead a claim on which relief can be granted.

**SO ORDERED.**

October 20, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE