```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION
```

D. RONALD RENEKER, SPECIAL         §
RECEIVER FOR AMERIFIRST            §
FUNDING, INC., et al.,             §
                                   §
            Plaintiff,             §
                                   § Civil Action No. 3:08-CV-1394-D
VS.                                §
                                   §
PHILLIP W. OFFILL, JR., et al.,    §
                                   §
            Defendants.            §

## MEMORANDUM OPINION
## AND ORDER

The court must decide whether to allow defendants to file an amended answer in circumstances where their motion for leave to amend is presumed to be timely and plaintiff otherwise opposes the motion based essentially on futility of amendment. The court grants the motion.[*]

The court has addressed the background facts of this case in several prior opinions, *see, e.g., Reneker v. Offill*, 2009 WL 3365616, at *1-*2 (N.D. Tex. Oct. 20, 2009) (Fitzwater, C.J.), and assumes the parties' familiarity with these opinions. Defendants move for leave to amend their answer to assert the defenses of estoppel, res judicata, and fraud. Plaintiff opposes the motion,

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

contending that it should be denied based on undue delay or lack of diligence, and that these affirmative defenses are unavailable and therefore the motion is made in "bad faith."

Defendants filed the motion on March 4, 2011. The deadline to file motions for leave to amend is August 31, 2011. When, as here, parties file a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Defendants' motion is therefore presumed to be timely. It is unusual for the court to conclude that a timely motion for leave to amend should be denied based on undue delay or lack of diligence, and this is not such a case. Nor has plaintiff made a sufficient showing of prejudice. Under Fed. R. Civ. P. 15(a)(2) "[t]he court should freely give leave when justice so requires." Plaintiff's grounds are insufficient to warrant denying defendants' motion.

Plaintiff also contends that defendants' motion is made in bad faith or with dilatory motive. Although labeled as based on "bad faith," plaintiff essentially argues that the amendment is futile because these affirmative defenses lack merit. This court has said on several occasions that

> the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a).

> The court prefers instead to do so in the
> context of a Rule 12(b)(6) or Rule 56 motion,
> where the procedural safeguards are surer.

*Garcia v. Zale Corp.*, 2006 WL 298156, at *1-2 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Poly-Am.,* 2002 WL 206454, at *1-2). There is no reason to vary that practice in the circumstances of this case.

Defendants' March 4, 2011 motion for leave to file amended answer is granted. They must file the amended answer within five business days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

April 13, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE