IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D. RONALD RENEKER, SPECIAL | § | |
| RECEIVER FOR AMERIFIRST | § | |
| FUNDING, INC., et al., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:08-CV-1394-D |
| VS. | § | |
| | § | |
| PHILLIP W. OFFILL, JR., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants' June 24, 2011 motion for leave to designate responsible third parties is

granted.[1]

I

The Securities and Exchange Commission ("SEC") brought an enforcement action

against several defendants and relief defendants.[2] Among them are AmeriFirst Funding, Inc.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]The court will limit its discussion of the background facts and procedural history to those pertinent to the instant motion. More complete discussions can be found in the court's prior memorandum opinions and orders in this case: *Reneker v. Offill,* 2010 WL 1541350, at *1-2 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.); *Reneker v. Offill,* 2009 WL 3365616, at *1-2 (N.D. Tex. Oct. 20, 2009) (Fitzwater, C.J.); and *Reneker v. Offill,* 2009 WL 804134, at *1-2 (N.D. Tex. Mar. 26, 2009) (Fitzwater, C.J.).

("AmeriFirst"), Jeffrey C. Bruteyn ("Bruteyn"), and Dennis W. Bowden ("Bowden") (collectively, the "AmeriFirst Clients").[3]  The SEC ultimately obtained judgments against all defendants and relief defendants except one whom the SEC dismissed voluntarily.  In addition to appointing a receiver in the SEC enforcement action, the court appointed plaintiff D. Ronald Reneker, Esquire ("Reneker"), as special receiver for AmeriFirst to make decisions concerning any lawsuit against defendants Godwin Pappas Ronquillo, LLP, a law firm, and one of its partners, Phillip W. Offill, Jr. (collectively "Godwin Pappas").[4]  Reneker later filed this lawsuit against Godwin Pappas, alleging that it negligently represented the AmeriFirst Clients by failing to advise them that their offering and sale of certain Secured Debt Obligation Notes ("SDOs") violated the securities laws.

Godwin Pappas now moves for leave to designate responsible third parties pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2008).  It maintains that, during Reneker's deposition, he presented a new theory of his case.  He alleges in his third amended complaint that the AmeriFirst Clients did not intend to violate the securities laws and that Godwin Pappas did not act in accordance with its clients' directions when it improperly registered their securities.  Godwin Pappas posits that Reneker testified that Bruteyn had intentionally defrauded investors and knew that his actions were illegal.  Godwin Pappas maintains that Reneker may change his theory of the case to deflect liability from AmeriFirst

---

[3]Bruteyn was convicted of criminal offenses arising from this matter and has been sentenced to prison.  Bowden is awaiting trial on charges of securities fraud.

[4]Offill was convicted in an unrelated criminal case and sentenced to prison.

to Bruteyn individually.  In anticipation of this shift, Godwin Pappas moves to designate as responsible third parties a number of individuals who either allegedly participated in the scheme to sell SDOs issued by the AmeriFirst Clients or provided legal advice to the AmeriFirst Clients relating to the SDOs and were allegedly in a position to discover the fraudulent nature of the scheme.[5]  Godwin Pappas moves to designate as responsible third parties Bruteyn and Bowden; Vincent Bazemore, Keith Byington, Anthony Garcia, Eric Hall, Fred Howard, and John Priest (collectively, the "Florida agents"), who it alleges participated in the fraudulent scheme to offer and sell SDOs; and Robert Clark ("Clark"), Peter Thompson ("Thompson"), and Dyke Bennett ("Bennett"), who it alleges advised the AmeriFirst Clients concerning the SDOs and would also have been in a position to discover the fraudulent scheme, assuming that Godwin Pappas could have done so.  Reneker opposes the motion, arguing that Godwin Pappas has not pleaded sufficient facts to give notice of its claim as to each potential responsible third party.

II

Under Tex. Civ. Prac. & Rem. Code Ann. § 33.004(f) and (g), the court must grant leave to designate responsible third parties unless another party timely objects and establishes (1) that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements, and (2) that, having been granted leave to replead, the defendant fails to plead sufficient facts concerning the alleged responsibility of

---

[5]The court need not decide whether Godwin Pappas' motion is properly based on Reneker's deposition testimony because Reneker does not oppose the motion on this ground.

the person to satisfy the pleading requirements.[6] *See Estate of Dumas v. Walgreens Co.,* 2006 WL 3635426, at *1 (N.D. Tex. Dec. 6, 2006) (Fitzwater, J.). Reneker, the objecting party, has failed to make this showing. Tex. R. Civ. P. 47(a) requires that a petition contain "a short statement of the cause of action sufficient to give fair notice of the claim involved[.]" *Id.* Godwin Pappas has satisfied this requirement. In support of its contention that it bears only proportional responsibility, it points to the criminal securities proceedings against Bruteyn and Bowden, an order enjoining the Florida agents from continuing to sell the fraudulent SDOs (as well as the indictment of some Florida agents for securities fraud), and the testimony of Bruteyn and Bowden that Clark, Thompson, and Bennett advised them

---

[6]The court has applied § 33.004 in diversity cases and in cases in which its subject matter jurisdiction was based on a federal question. *See, e.g., Davis v. Dall. Cnty., Tex.,* 2007 WL 2301585, at *2 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.) (federal question); *Estate of Dumas v. Walgreens Co.,* 2006 WL 3635426, at *1 (N.D. Tex. Dec. 6, 2006) (Fitzwater, J.) (diversity). The court has not been presented with a case requiring it to engage in an extensive analysis of whether § 33.004 should be given full effect. As before, the court

> suggests no view on such matters as whether the statute's references to "the pleading requirement of the Texas Rules of Civil Procedure," *see* § 33.004(g)(1) (singular), and to "the pleading requirements of the Texas Rules of Civil Procedure" *id.* § 33.004(g)(2) (plural), apply in a diversity case. Nor does the court "suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines."

*Davis,* 2007 WL 2301585, at *1 (citations omitted). Reneker does not argue that § 33.004 is inapplicable, and the court will continue to apply the statute "until persuaded that [it] does not apply." *Alvarez v. Toyota Motor Corp.,* 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.).

concerning the SDOs' collateralization, registration, and offering documents.  Godwin

Pappas' allegations are sufficient under § 33.004(f) and (g) to entitle it to obtain leave to

designate each responsible third party as to whom it seeks leave.

*    *    *

Defendants' June 24, 2011 motion for leave to designate responsible third parties is

granted.

**SO ORDERED.**

August 12, 2011.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE