IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D. RONALD RENEKER, SPECIAL RECEIVER FOR AMERITRUST FUNDING, INC. aka AMERI-FIRST FUNDING, INC. aka AMERI FIRST FUNDING, INC., AMERIFIRST ACCEPTANCE CORP., JEFFREY C. BRUTEYN, DENNIS W. BOWDEN, AMERICAN EAGLE ACCEPTANCE CORP., HESS FINANCIAL CORP., INTERFINANCIAL HOLDINGS CORP., HESS INTERNATIONAL PROPERTIES, LLC, HESS INTERNATIONAL INVESTMENTS, S.A., UNITED FINANCIAL MARKETS, INC. AND GERALD KINGSTON, | § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:08-cv-1394-D |
| vs. | § § | **JURY DEMANDED** |
| PHILLIP W. OFFILL, JR. AND GODWIN PAPPAS RONQUILLO, LLP, | § § § § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED MOTION
FOR LEAVE TO SUPPLEMENT SUMMARY JUDGMENT APPENDIX**

Defendants Godwin Pappas Ronquillo ("Godwin Pappas") and Phillip W. Offill ("Offill") (collectively, "Defendants") file this Response to Plaintiff's Amended Motion for Leave to Supplement Summary Judgment Appendix and would show the Court as follows:

### I.  BACKGROUND

Plaintiff has offered Robert Clark's affidavit as summary judgment evidence, attaching it to his Brief in Support of Response to Defendants' Motion for Summary Judgment ("Response Brief"). There, Clark claimed to be a director of AmeriFirst Funding and AmeriFirst

1

Acceptance.[1]  When drafting Clark's affidavit, Plaintiff's counsel included this statement to support the Response Brief's repeated and prominent argument that, if Defendants were aware of Jeffrey Bruteyn and Dennis Bowden's rogue behavior (an incorrect assumption), they were duty-bound to report that behavior "up the corporate ladder" to Clark since he also served as AmeriFirst Funding and AmeriFirst Acceptance's director – and of course, Clark would have blown the whistle on Bruteyn and Bowden.[2]  Plaintiff's Response Brief also uses the false notion that AmeriFirst Funding and AmeriFirst Acceptance were managed or operated by Clark and officers, directors, or "principals" other than Bruteyn and Bowden and, as such, Bruteyn and Bowden's criminal actions were adverse to and could not be imputed to those distinct corporate entities.[3]  But when later deposed, Clark admitted that he never served as a director for either of those entities and conceded that his affidavit testimony was false.[4] He also confirmed that, contrary to the allegation in Plaintiffs' Response Brief, AmeriFirst Funding had no directors or officers other than Bruteyn and Bowden during the relevant time period (2005-2006), which is also confirmed by the minutes from AmeriFirst Funding's annual board meetings.[5]  In other words, there were only two rungs on the "corporate latter," Bruteyn and Bowden, both of whom were engaged in defrauding investors and misappropriating the funds they invested.

---

[1] Clark July 25, 2011 Affidavit at ¶ 3 (Pl. Appendix in Support of his Response to Defendants MSJ ("Plaintiff's SJ App.") at 0488).
[2] Clark Deposition at p. 75: 9-20, Appendix to Plaintiff's Response to Defendants' Objections and Motion to Strike Summary Judgment Evidence ("Plaintiff's Response App.") at 43; *see* Plaintiff's SJ Response Brief (Dkt# 120) at 10, 15, and 17; *see also* Plaintiff's Ex. 15 at ¶ 3, Plaintiff's SJ App. 0487. (stating Clark would have "done everything within [his] power to make sure [the illegal activity] was stopped.").
[3] *See* Plaintiff's SJ Response Brief (Dkt# 120) at 11, 12, 23, 32, 36, 40, and 51-52.
[4] Clark Dep. at 85:7-8 (Motion to Strike, Exhibit 1) ("I signed an incorrect affidavit, that's for sure.").
[5] Clark Dep. at 80:11-82:7; 82:12-16; 83:6-18; 83:23-84:14; 84:24-85:4 (Plaintiff's Response App. at 44-45); *see also* Defendants' Appendix in Support of Summary Judgment ("Def. SJ App.") App. 000335 and 337 (AmeriFirst Funding board minutes for 2005-2006 stating, "[t]he Directors present at the meeting were Dennis Bowden and Jeffrey Bruteyn . . ., which "constituted a quorum since they are the *entirety of the Board of Directors of the corporation*."; compare with Response Brief's false allegation that James Coker and Gerald Kingston were also directors of AmeriFirst Funding during relevant time period (Plaintiff's SJ Response Brief at 23).

Consequently, on October 19, 2011, Defendants filed an Objection to and Motion to Strike Plaintiff's Summary Judgment Evidence seeking to strike Clark's false affidavit testimony, among other things.[6] Five days later, Clark amended his affidavit to correct his false statement that he was a director of AmeriFirst Funding and AmeriFirst Acceptance. The "Amended Affidavit of Robert M. Clark" addresses the same issues contained in the original affidavit, but states that Clark served not as a director, but as legal counsel to AmeriFirst Acceptance and AmeriFirst Funding, and as a secretary to Funding. With slight modifications, Clark restates the opinions set forth in his original affidavit, most of which Defendants have objected to as speculative.[7] On November 2, 2011, Plaintiff filed his Amended Motion for Leave to Supplement his Summary Judgment Appendix so that Clark's amended affidavit could be included.

## II.   ARGUMENT

Defendants have no objections to Plaintiff supplementing his summary judgment evidence to correct Clark's false testimony. In fact, Defendants encouraged Plaintiff to do so.[8] But Plaintiff's counsel have inexplicably refused to withdraw the affidavit containing false testimony from the summary judgment record and simply substitute Clark's amended affidavit in its place. As stated in the certificate of conference, "while Defendants do not oppose a withdrawal of the July 25th affidavit and the substitution of the October 24th affidavit in its place, they do oppose a supplementation that leaves the July 25th affidavit containing false statements in the Court's summary judgment record."[9] The same certificate of conference states Plaintiff's belief "that withdrawal of the original affidavit is not appropriate because only those portions of

---

[6] Dkt #125.
[7] *See* Objection to and Motion to Strike Plaintiff's Summary Judgment Evidence at II.A.2 (Dkt. #125).
[8] *See* Clark Depo at 100:24-102:3, Plaintiff's Response App. at 49-50.
[9] Plaintiff's Amended Motion for Leave to Supplement Summary Judgment Appendix at certificate of conference.

3

the affidavit subject to valid objections should be struck, not the entire affidavit."[10] This argument is nonsensical since the newly submitted affidavit contains virtually identical paragraphs as the original and is titled as an <u>amended</u> affidavit, not "supplemental" affidavit. It also appears that Clark intended his new affidavit to serve as a substitute for the one he originally signed. Clark, who is a lawyer and member of the Dallas bar, indicated during his deposition that he would want his false testimony corrected in the Court's summary judgment record.[11] In short, the summary judgment record should not include the affidavit containing admittedly false information, as that will create confusion and taint the record.

Further, because Plaintiff has failed to take any action to withdraw or modify the arguments made throughout his Response Brief that depend on Clark's false testimony (*e.g.*, the argument that Defendants failed to "go up the corporate ladder" and report Bruteyn and Bowden's rogue behavior to Clark), Defendants request that the Court disregard those arguments. Leaving false affidavit testimony in the summary judgment record to support such arguments is misleading, not only to the Court, but to any other court or person that may ultimately review the record.

Finally, Defendants object to Paragraphs 2, 3 and 6 of Clark's amended affidavit for the same reasons they objected to the virtually-identical paragraphs in his original affidavit. Clark's amended affidavit contains the same speculative testimony regarding what Clark or Bowden would or would not have done under different hypotheticals. The arguments supporting the striking of that testimony are detailed in Defendants' Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence. Defendants do not wish to rehash those arguments here

---

[10] Id.
[11] Clark Depo at 100:17-102:3, Plaintiff's Response App. at 49-50.

but incorporate them by reference and, based on them, respectfully request that the Court strike Paragraph's 2, 3, and 6 in Clark's amended affidavit.[12]

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court strike Clark's entire original affidavit from the summary judgment evidence and strike portions of Clark's amended affidavit for the reasons set out in Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence.

Respectfully submitted,

 /s/  Shawn C. Long
**Shawn C. Long**
State Bar No. 24047859
**Richard A. Sayles**
State Bar No. 17697500
**Will S. Snyder**
State Bar No. 00786250
**SAYLES|WERBNER**
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700 Telephone
(214) 939-8787 Facsimile
**COUNSEL FOR DEFENDANTS**
**PHILLIP W. OFFILL and GODWIN**
**PAPPAS RONQUILLO, LLP**

---

[12] *See* Objection to and Motion to Strike Plaintiff's Summary Judgment Evidence at II.A.2 –pp. 5-6 (Dkt. #125).

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2011, I electronically filed the foregoing document with the clerk of court the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Shawn C. Long