IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D. RONALD RENEKER, SPECIAL RECEIVER FOR AMERITRUST FUNDING, INC. aka AMERI-FIRST FUNDING, INC. aka AMERI FIRST FUNDING, INC., AMERIFIRST ACCEPTANCE CORP., JEFFREY C. BRUTEYN, DENNIS W. BOWDEN, AMERICAN EAGLE ACCEPTANCE CORP., HESS FINANCIAL CORP., INTERFINANCIAL HOLDINGS CORP., HESS INTERNATIONAL PROPERTIES, LLC, HESS INTERNATIONAL INVESTMENTS, S.A., UNITED FINANCIAL MARKETS, INC. AND GERALD KINGSTON, | § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § § | Civil Action No. 3:08-cv-1394-D<br><br>**JURY DEMANDED** |
| vs. | § § | |
| PHILLIP W. OFFILL, JR. AND GODWIN PAPPAS RONQUILLO, LLP, | § § | |
| Defendants. | | |

**DEFENDANTS' MOTION FOR LEAVE
TO SUPPLEMENT SUMMARY JUDGMENT EVIDENCE**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.7, Defendants

Godwin Pappas Ronquillo ("Godwin Pappas") and Phillip Offill ("Offill") (collectively,

"Defendants") file this Motion for Leave to Supplement Summary Judgment Evidence

and state as follows:

Defendants seek leave to supplement their summary judgment appendix with the

attached documents, which consist of the superseding indictment filed against Dennis

1

Bowden ("Bowden"), the jury charge submitted during his recent criminal trial, and the jury verdict. The documents establish Bowden's conviction on nine counts of securities fraud in connection with the sale of the same securities at issue in this litigation, the "secured debt obligations" that AmeriFirst Funding, Inc. and AmeriFirst Acceptance Corp. sold to elderly investors during 2006 and 2007 ("AmeriFirst SDOs").

There is good cause for this late submission of additional evidence. Defendants filed their summary judgment motion, supporting brief, and appendix on July 25, 2011. (Dkt. 98-100). The appendix contained Bowden's indictment as it existed at that time. The government filed a superseding indictment against Bowden on October 19, 2011. Bowden's criminal case was tried to the Honorable Judge Barbara Lynn from December 12-21, 2011. On December 21, 2011, the jury returned a guilty verdict on 9 of the 18 counts in Bowden's superseding indictment. Therefore, the attached documents were unavailable when Defendants filed their MSJ in July, 2011. Moreover, those documents only became important to Defendants' summary judgment motion about two weeks ago, when Bowden was convicted.

The documents are important and relevant to the issues raised in Defendants' summary judgment motion. The jury convicted Bowden exclusively on his role in the fraudulent sale of AmeriFirst SDOs. The securities fraud charges on which Bowden was convicted required the government to prove that Bowden knowingly and willfully allowed the AmeriFirst SDOs to be sold through fraudulent misrepresentations. Therefore, Plaintiff cannot now maintain, as he has attempted to do in his summary judgment response, that Bowden was unaware that the representations made to elderly investors while selling them AmeriFirst SDOs were, in fact, misrepresentations.

Similarly, Plaintiff cannot maintain that Bowden unknowingly or unwittingly violated securities laws – particularly, the anti-fraud provisions in the Securities Act of 1933 – when offering and selling the AmeriFirst SDOs, or that he would not have violated those laws if Defendants had only advised him that he would be doing so.  In other words, Bowden's conviction further supports the issue preclusion argument set forth in Defendants' summary judgment motion.

Bowden's conviction for knowingly and willfully defrauding investors also supports Defendants' summary judgment argument that Plaintiff's legal malpractice claims are barred by the unlawful acts rule.  In *Saks*, a Texas court applied this rule and held that "a client who contends that his willful criminal act or criminal conviction directly resulted from his attorney's negligent services" cannot sue his attorney for legal malpractice.  *Saks v. Sawtelle, Goode, Davidson & Troilo*, 880 S.W.2d 466, 469 (Tex. App.-San Antonio 1994, writ denied); *see also Dover v. Baker, Brown, Sharman & Parker*, 859 S.W.2d 441, 450-451 (Tex. App.-Houston [1st Dist.] 1993, no writ) (plaintiff who committed commercial fraud barred from suing attorneys who advised him concerning transactions at issue).  Defendants' summary judgment briefing cites the *Saks* and *Dover* decisions in support of their argument that Plaintiff's malpractice claims should be dismissed. See Defendants' MSJ brief (Dkt 99) at page 31 and Reply Supporting Defendants' MSJ (Dkt. 126) at page 18.

Based on the evidence establishing the plaintiffs' bank fraud convictions, the *Saks* Court granted summary judgment against the plaintiffs' legal malpractice claims.  This Court's April 19, 2010 opinion paralleled this case with *Saks* but declined to dismiss Plaintiff's claims at that point, in the context of a Rule 12(b)(6) motion, presumably

3

because *Saks* was a summary judgment case where the court could consider summary judgment evidence beneath the face of the pleadings – namely, the plaintiffs'/clients' convictions. See Memorandum Opinion dated 4/19/2010 (Dkt 57) at pages 18-19.   But this case has now progressed to the summary judgment phase and the Court can now consider Bowden and Bruteyn's convictions establishing that they intentionally defrauded investors when offering the AmeriFirst SDOs.  Bruteyn's conviction alone warrants summary judgment based on Defendants' *in pari delicto* or "unlawful acts" defense, but adding Bowden's should remove any doubts, as was the case in *Saks*.

Plaintiff will not be unfairly prejudiced by the Court's consideration of the attached documents because Defendants are not raising any new issues or arguments. Rather, they are merely supporting arguments they have already made with summary judgment evidence that only recently became available.

Wherefore, premises considered, Defendants respectfully request leave to supplement the evidence supporting their summary judgment motion with the documents attached hereto as Exhibit A-C.

Respectfully submitted,

/s/  Shawn C. Long
**Richard A. Sayles**
State Bar No. 17697500
**Will S. Snyder**
State Bar No. 00786250
**Shawn C. Long**
State Bar No. 24047859
**SAYLES WERBNER**
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700 Telephone
(214) 939-8787 Facsimile
**COUNSEL FOR DEFENDANTS**
**PHILLIP W. OFFILL and GODWIN**
**PAPPAS RONQUILLO, LLP**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that she has discussed this Motion with opposing counsel, and he indicated that Plaintiff is opposed to the relief sought therein. Therefore the motion is presented to the Court for consideration.

/s/    Shawn C. Long

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2011, I electronically filed the foregoing document with the clerk of court the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Shawn C. Long