IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D. RONALD RENEKER, SPECIAL RECEIVER FOR AMERIFIRST FUNDING, INC. aka AMERI-FIRST FUNDING, INC. aka AMERI FIRST FUNDING, INC., AMERIFIRST ACCEPTANCE CORP., JEFFREY C. BRUTEYN, DENNIS W. BOWDEN, AMERICAN EAGLE ACCEPTANCE CORP., HESS FINANCIAL CORP., INTERFINANCIAL HOLDINGS CORP., HESS INTERNATIONAL PROPERTIES, LLC, HESS INTERNATIONAL INVESTMENTS, S.A., UNITED FINANCIAL MARKETS, INC. AND GERALD KINGSTON,<br><br>         Plaintiffs<br><br>vs.<br><br>PHILLIP W. OFFILL, JR. AND GODWIN PAPPAS RONQUILLO, LLP,<br><br>         Defendants | § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:08-CV-1394-M |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT SUMMARY JUDGMENT EVIDENCE AND BRIEF IN SUPPORT

**TO THE HONORABLE COURT:**

Plaintiff, D. Ronald Reneker (hereinafter "Reneker"), in his capacity as Special Receiver for AmeriFirst Funding, Inc. a/k/a Ameri-First Funding, Inc. a/k/a Ameri First Funding, Inc., AmeriFirst Acceptance Corp., American Eagle Acceptance Corp. (collectively, "AmeriFirst Clients"), and others files this Response to Defendants' Motion For Leave To Supplement Summary Judgment Evidence And Brief In Support, and in support thereof shows as follows:

# I. Introduction

Defendants seek leave to supplement their summary judgment appendix with the Superseding Indictment filed against Dennis Bowden ("Bowden"), the jury charge submitted in Bowden's criminal trial, and the jury verdict in Bowden's criminal trial.

The Court should deny Defendants' request to supplement their summary judgment evidence because 1) the Superseding Indictment, jury charge, and verdict are not relevant to this case; 2) the Court should not take judicial notice of the documents; and 3) even if they were relevant and appropriate for judicial notice, Defendants' ignore the fact that a jury acquitted Bowden on nine counts of securities violations, which clearly shows that Bowden was unaware of the misconduct by AmeriFirst Clients before February 21, 2007 and disproves Defendant Phillip Offill's testimony that he advised AmeriFirst Clients prior in December 2005 (and at subsequent times) that the securities violated the law.

# II. Argument and Authorities

**A.    The Superseding Indictment, Jury Charge, And Verdict Are Not Relevant**

Federal Rule of Evidence 401 states,

> "[r]elevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[1]

The Superseding Indictment, jury charge, and verdict do not have a tendency to make the existence of AmeriFirst Clients' awareness of securities violations more probable. Foremost, the issues and parties involved in this litigation are separate and distinguishable from those involved in Bowden's criminal trial, and Reneker was not permitted to present arguments and evidence at Bowden's trial that Defendants committed legal malpractice that caused AmeriFirst Clients to

---

[1] FED. R. EVID. 401.

incur liabilities to third parties. Similarly, Reneker was not afforded an opportunity to refute the evidence presented by the government.

Furthermore, the Superseding Indictment, jury charge, and verdict do not establish, as Defendants argue, that Bowden was aware of securities violations during the entire time period that Defendants committed malpractice. Rather, the documents establish that Bowden ***did not*** knowingly and willfully commit securities violations at nine points in time:

- August 29, 2006 (Count 1);
- September 9, 2006 (Count 2);
- November 28, 2006 (Count 3);
- December 9, 2006 (Count 10);
- January 23, 2007 (Count 4);
- January 24, 2007 (Count 11);
- January 30, 2007 (Count 5);
- February 12, 2007 (Count 12); and
- March 1, 2007 (Count 13).

Significantly, Bowden was not convicted of knowingly or willfully violating any securities laws before February 21, 2007. Reneker alleges that Defendants committed malpractice from December 2005 through February 2007,[2] and anticipates that expert testimony will establish that Defendants' malpractice during this time period caused AmeriFirst Clients to incur over $50,000,000.00 in liabilities that they would not otherwise have incurred. Therefore, the Superseding Indictment, jury charge, and verdict do not make AmeriFirst Clients' awareness of securities violations, thereby barring Reneker's claims, more probable; particularly since the

---

[2] Reneker's Fourth Amended Complaint, filed September 1, 2011 (Dkt. 109).

3

parties have not yet obtained the sworn testimony of Bowden, wherein Reneker will have an opportunity to examine Bowden on issues germane to this case that were not fully explored in Bowden's criminal trial.

### B.     Judicial Notice Is Not Appropriate

Only a limited category of facts are ever properly the subject of judicial notice and even then, "the taking of judicial notice of facts is a … highly limited process."[3] The power to judicially notice facts "is to be exercised by courts with caution . . . [and] [e]very reasonable doubt upon the subject should be resolved in the negative."[4] Matters that may be judicially noticed include adjudicative facts, legislative facts, and law.[5] Here, Defendants are requesting judicial notice of adjudicative facts, which are "those to which the law is applied in the process of adjudication."[6] A court may not take judicial notice of adjudicative facts that are open to reasonable dispute because a judicially noticeable adjudicative fact must be "one not subject to ***reasonable dispute*** in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[7]

After due consideration, this Court has already held:

---

[3] *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).
[4] *Brown v. Piper*, 91 U.S. 37, 42-43 (1875); *see also* Fed. R. Evid. 201 advisory Committee's note, subdiv. (b).
[5] *O'Quinn v. Hall*, 77 S.W.3d 438, 447 (Tex. App.—Corpus Christi 2002, no pet.).
[6] *O'Quinn* at 447 (quoting *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 137 (Tex. App.—El Paso 1997, pet. denied)).
[7] Fed. R. Evid. 201(b) (emphasis added). Adjudicative facts typically must be established by evidence and are normally submitted to the trier of fact. *Kubosh v. State*, 241 S.W.3d 60, 64 (Tex. Crim. App. 2007); Kenneth C. Davis, *Judicial Notice*, 55 COLUM. L. REV. 945, 952 (1955). Public documents may be considered, but not to prove the truth of their contents. *Lovelace*, 78 F.3d at 1018 (SEC documents may be considered only if not used to prove the truth of their contents); *Hennessy v. Penril Datacomm Networks,* 69 F.3d 1344, 1354-55 (7th Cir. 1995) (SEC documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2nd Cir. 1992) (district court improperly took judicial notice of filed documents because it used them "to establish facts asserted therein"); *State Farm Fire & Cas. Co. v. Westchester Inv. Co.*, 721 F.Supp. 1165, 1166 (C.D. Cal. 1989). Additionally, a court may judicially notice "undisputed matters of public record," but not "disputed facts in public records." *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2001). Judicial notice is still inappropriate even if a court is convinced of a particular conclusion's correctness. *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347-48 (5th Cir. 1982).

> ***Judicial notice is reserved for indisputable facts***. The complexity of the SEC Enforcement Action and of the various judgments entered separately against the individual parties makes taking judicial notice of any element of any securities violation unfair to the parties. The SEC Enforcement Action, while related to this case, ***does not involve precisely the same parties and issues*** . . . . Further, courts may only properly judicially notice the fact of certain outcomes in related proceedings; ***the court cannot accept the individual factual findings of another case as evidence of the truth of the matter.***[8]

The Court held further that Defendants could present evidence "to impeach Reneker's factual allegations" in a motion for summary judgment,[9] but such evidence does not include factual findings of another case; and at this stage the Court should make reasonable factual inferences in favor of Reneker and resolve all reasonable doubts about the facts in favor of Reneker.[10]

In addition, the Superseding Indictment, jury charge, and verdict do not establish that Reneker's claims are disputed by "fact[s] of certain outcomes in related proceedings[.]"[11] The "facts" in the documents are clearly subject to reasonable dispute because they do not involve precisely the same parties and issues as this case,[12] and therefore should not be accepted as evidence of the truth of the matter.[13]

Thus, the Court should not accept the Superseding Indictment, jury charge, nor verdict because they cannot be accepted as evidence of the truth of the matter[14] and the evidence in this case, including the affidavits of Jeffrey Bruteyn, Tamera Burleson, Robert Clark, and Donald White, shows (or at least creates a genuine dispute) that AmeriFirst Clients were unaware of the illegality of their actions. Moreover, the documents do not establish that Bowden nor the

---

[8] 4/19/10 Memorandum Opinion and Order, *Reneker v. Offill*, 2010 WL 1541350, 64 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) ("*Reneker III*") (citations omitted) (emphasis added). Pleadings and orders from other lawsuits relied upon by Defendants may not be noticed "for the truth of the facts recited therein[.]" *Southern Cross.,* 181 F.3d 410, 426-27 (3rd Cir. 1999).
[9] *Reneker III* at *6.
[10] *Scott v. Harris*, 550 U.S. 372, 378-80 (2007); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455-56 (5th Cir. 2005).
[11] *Reneker III* at *6.
[12] Fed. R. Evid. 201(b); *Hennessey,* 69 F.3d at 1354 (7th Cir. 1995).
[13] *Reneker III* at *6.
[14] *Reneker III* at *6.

AmeriFirst Clients willingly and knowingly violated securities laws during the course of Defendants' legal representation, and, at a minimum, establishes that Bowden and the AmeriFirst Clients were unaware of securities violations from at least December 2005 to February 2007, which, contrary to Offill's testimony, shows that Defendants failed to advise AmeriFirst Clients and Bowden that the offering violated securities laws.[15]

### C.   Neither Collateral Estoppel Nor Res Judicata Bar Reneker's Claims

The Superseding Indictment, jury charge, and verdict do not support Defendants' collateral estoppel defense because, at a minimum, whether collateral estoppel precludes Reneker's claims depends on the resolution of disputed facts and, therefore, creates a mixed question of law and fact that precludes summary judgment. Moreover, the actions and awareness of Bowden cannot be imputed to AmeriFirst Clients because although "the acts of a corporate agent . . . are ordinarily deemed to be the corporation's acts[;]"[16] knowledge is not imputed to the corporation where it is shown that an "officer/director was acting adversely to the corporation and entirely for his own or another's purpose."[17] In other words, where the principal's actions "are so incompatible that they destroy the agency" with the corporation, knowledge is not imputed.[18]

The Superseding Indictment, jury charge, and verdict do not support collateral estoppel because the evidence in this case shows that Bowden's violations of securities laws were adverse to the legitimate purpose of AmeriFirst Clients (as supported by the evidence discussed throughout Reneker's Brief In Support Of Response To Defendants' Motion For Summary

---

[15] 7/21/11 Deposition of Phillip Offill 129:13 – 131:25 (attached to Plaintiff's Appendix To Brief In Support Of Response To Defendants' Motion For Summary Judgment, 0184).
[16] *Latch v. Gratty, Inc.*, 107 S.W.3d 543, 545 (Tex. 2003).
[17] *Askanase v. Fatjo*, 130 F.3d 657, 666 (5th Cir. 1997) (quoting *FDIC v. Ernst & Young*, 967 F.2d 166, 170 (5th Cir. 1992)) (internal citations omitted).
[18] *Id.*

6

Judgment) and creates a genuine dispute as to whether AmeriFirst Clients, not Bowden, were aware that their actions were illegal.[19] Even if Bowden's actions are imputed to AmeriFirst Clients, viewed in the light most favorable to Reneker, this evidence shows that AmeriFirst Clients were unaware of the illegality of their actions before February 21, 2007 and that during this time period Defendants, contrary to Phillip Offill's testimony, neglected to advise AmeriFirst Clients and Bowden that the securities were illegal.

The Superseding Indictment, jury charge, and verdict do not support Defendants' res judicata defense because "*the same claim or cause of action must be involved in both suits*."[20] In addition, Defendants and Reneker are not "identical to or in privity with the parties in the prior suit [Bowden's criminal trial] for res judicata to apply."[21] Similarly, Reneker is not in privity with Bowden because Reneker pursues claims on behalf of AmeriFirst Clients and thus does not succeed the interests of Bowden. Bowden's criminal trial did not address Defendants' malpractice or whether AmeriFirst Clients were aware their actions were illegal. In this regard, Reneker did not control Bowden's criminal trial and Bowden did not adequately represent Reneker's interest, nor the interest of AmeriFirst Clients, particularly since the advice of Defendants was not at issue.[22] "[I]t is not enough that the non-party may be interested in the same questions or proving the same facts."[23]

---

[19] *Id.* at 666, 668.
[20] *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994) (emphasis added). "The doctrine of claim preclusion (res judicata) provides that a final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action. 'The judgment prevents litigation of all grounds and defenses that were or could have been raised in the action.' *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1506 (9th Cir. 1996) (quoting *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir.1985)). The parties must have had "a full and fair opportunity to litigate." *Id.* (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).
[21] *Gulf Island-IV* at 746.
[22] *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979, 983 (5th Cir. 1990).
[23] *Gulf Island-IV* at 747 (quoting *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992)) (quotation marks omitted).

7

Finally, even if the Court accepts Defendants' privity arguments, determines that Bowden was aware that the securities offering was illegal, and that such knowledge is imputed to AmeriFirst Clients; the jury in Bowden's criminal trial determined that Bowden did not knowingly or willfully violate securities laws before February 21, 2007. Therefore, pursuant to Defendants' argument to impute Bowden's knowledge, AmeriFirst Clients were not aware of securities violations from December 2005 to February 2007. During this time period, Reneker believes that the evidence will show that Defendant's malpractice caused AmeriFirst Clients to incur over $50,000,000.00 in liabilities that they would not otherwise have incurred.

### D.   *In Pari Delicto* **Does Not Bar Reneker's Claims**

The Superseding Indictment, jury charge, and verdict do not support Defendants' *in pari delicto* defense because, by law, Reneker is removed from any wrongdoing of AmeriFirst Clients.[24] In this regard, the Southern District of Texas recognized the distinction between a trustee and a receiver, holding that whereas a "trustee is subject to the *in pari delicto* defense … a receiver ... [is] ... not subject to the defense ... because a receiver is not subject to the restrictions of the Bankruptcy Code."[25]

### IV. Conclusion and Prayer

WHEREFORE, Plaintiff Reneker requests that this Court deny Defendants' Motion for Leave To Supplement Summary Judgment Evidence and grant any such relief to which Plaintiff may be entitled.

---

[24] *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995).
[25] *In re IFS Financial Corp.*, 2007 WL 1308321, *3 (S.D. Tex. May 3, 2007). In any event, the doctrine requires a factually intense inquiry that is not appropriate at the summary judgment phase. *Floyd v. Hefner*, 556 F. Supp.2d 617, 657-60 (S.D. Tex. 2008); *In re TOCFHBI, Inc.* 413 B.R. 523, 536-37 (Bankr. N.D. Tex. 2009). Although the evidence at a minimum creates a genuine dispute as to whether AmeriFirst Clients knowingly and willfully engaged in illegal acts, significant relevant evidence is not available at this time. Specifically, the parties have not deposed Bowden, and Bowden's anticipated testimony clearly creates genuine disputes of material fact on Reneker's malpractice claim, particularly with respect to Defendants' legal advice.

Respectfully Submitted,

By: \_\_\_\_/s/ John Michael Raborn\_\_\_\_\_
    William J. Eggleston
    Texas Bar No. 06483500
    Raymond L. Gregory II
    Texas Bar No. 08438275
    John Michael Raborn
    Texas Bar No. 24057364

EGGLESTON & BRISCOE, LLP
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
Telephone: (713) 659-5100
Fax: (713) 951-9920

ATTORNEYS FOR SPECIAL RECEIVER D. RONALD RENEKER, PLAINTIFF

### CERTIFICATE OF SERVICE

I certify that on January 27, 2012 all counsel of record that have consented to electronic service are being served a copy of Plaintiff's Response To Defendants' Motion For Leave To Supplement Summary Judgment Evidence And Brief In Support electronically via the CM/ECF filing system.

   \_\_\_/s/John Michael Raborn_____
       John Michael Raborn